Emporium Area Joint School Authority v.
Anundson Construction and Building
Supply Company, Appellant.
Anundson Construction and Building Supply
Company, Appellant, v. Emporium Area
Joint School Authority.

82

Argued October 5, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused January 5, 1961.

*C. Henry Nicholson,* for appellant.

*Edwin W. Tompkins,* with him *Tompkins & Tompkins,* for appellee.

OPINION BY MR. JUSTICE COHEN, December 1, 1960:

This is an appeal from the judgment of the Superior Court sustaining the decree of the Court of Common Pleas of Cameron County which modified an award of arbitration and denied respondent's petition to confirm the award.

Petitioner, Emporium Area Joint School Authority, and respondent, Anundson Construction and Building Supply Company, entered into a contract for the construction of a school building. Respondent submitted its final claim for the work which included specific items under the contract and an additional list of claims for other items totaling $180,731.42. Petitioner admitted the specific items and additional charges amounting to $500.60, but denied the remaining claims and refused to make payment. Respondent demanded arbitration under the provisions of the contract. The matter was submitted to a board of arbitration which awarded the defendant the sum of $42,095.

A copy of the award was delivered to each of the parties on December 10, 1957. On April 11, 1958, respondent filed its application for confirmation of the award. On July 3, 1958, the petitioner filed its petition to modify or vacate the award. Argument was had before the court on both proceedings and the court below entered a decree modifying the award and denying recovery for all but the admitted claims.

Respondent appealed to this Court which remitted the case to the Superior Court. The Superior Court filed an opinion confirming the decree of the court of common pleas. This Court allowed an appeal.

We are of the opinion that both the court of common pleas and the Superior Court erred in not dis-

missing the petition filed on July 3, 1958, to modify or vacate an arbitration award delivered to the parties on December 10, 1957.

The statute concerning arbitration under contracts provides as follows: "Notice of a motion to vacate, modify, or correct an award shall be filed in the prothonotary's office of the court in which the application is made, and to be served upon the adverse party, or his attorney within three months after the award is filed, or delivered, as prescribed by law for service of notice of a motion in an action. The court may in all proper cases, upon the filing of the motion, grant a stay of proceedings pending the determination of the motion." Act of 1927, P. L. 381, §13 5 PS §173.

The confusion results from the phrase "filed, or delivered" in section 13. There is no provision in the Pennsylvania Arbitration Act of 1927, P. L. 381, 5 PS §§161-179 for filing an award of arbitration except, perhaps, under section 9 of the Act where a copy of the award is necessarily one of the papers submitted to the prothonotary with the motion to confirm. The delivery of the award satisfied the requirement of the Act. The National Conference of Commissioners on Uniform State Laws, upon whose Uniform Arbitration Act the Pennsylvania provision is modeled, (See Historical Note, 9 Uniform Laws Annotated p. 76 (1957)), has seen fit to delete the word "filed" from the present version of the recommended Uniform Arbitration Act. See 9 Uniform Laws Annotated, Arbitration §§12, 13 (1957).

We cannot agree with the court below that the three month period for vacating an award begins to run from the date the award is "filed" with the motion to confirm. Under the view of the court below, an award could be vacated any time within three months after a motion for confirmation was made. Thus, if a mo-

tion to confirm were not made for a year, the court would be obligated to entertain a motion to vacate made fifteen months subsequent to the rendition of the award, and, if a timely motion to confirm were not made, the court evidently would be required to consider a motion to vacate made at any time.[1] This result cannot be sanctioned. Arbitration should be a *quick* and easy mode of obtaining justice. See *Patriotic Order Sons of America Hall Association v. Hartford Fire Insurance Co.*, 305 Pa. 107, 116, 157 Atl. 259 (1931).

It seems clear, therefore, that the event which starts the running of the three months time within which the party moving to vacate or modify the award must file his notice of motion is the delivery of the award to the parties. That event having occurred on December 10, 1957, the motion filed by the petitioners on July 3, 1958 was filed too late for compliance with the act, and should have been dismissed. In light of this determination we find it unnecessary to consider the other issues raised by this appeal.

In view of our decision in this matter, the action of the court below in refusing to confirm the award of the arbitrators is reversed with directions that the petition for confirmation of the award be granted.

Judgment reversed and record remanded for entry of judgment on the arbitration award.

---

[1] An unconfirmed award may be a bar to a subsequent action, (see *Abel v. Todd Shipyards Corp.*, 83 N. Y. S. 2d 915 (Sup. Ct. 1948)), and may possibly be of significant evidentiary value. It is clearly not a nullity.