**Richard JOSEPH and Candace Joseph, Husband and Wife, Appellants,**

v.

**ADVEST, INC., Nussbaum Partners, and Robert E. Feldman, Individually and as an Employee and Agent Thereof, Appellees.**

Superior Court of Pennsylvania.

Argued Aug. 8, 2006.

Filed Aug. 8, 2006.

Arnold Y. Steinberg, Pittsburgh, for appellants.

Robert L. Byer, Pittsburgh, for appellees.

BEFORE: BOWES, PANELLA and POPOVICH, JJ.

OPINION BY BOWES, J.:

¶ 1 Richard and Candace Joseph appeal from the July 15, 2005 order denying their petition to modify or correct an arbitration award. We conclude that the provision of the Federal Arbitration Act permitting a party three months to challenge an arbitration award is a procedural provision not applicable in this state action. Rather, we apply the thirty-day deadline for contesting arbitration awards embodied in Pennsylvania law and conclude that Appellants' petition was untimely. We therefore affirm.

¶ 2 Dissatisfied with the performance of their stockbrokers, Advest Inc., Nussbaum Partners, and Robert E. Feldman, Appellees herein, Appellants instituted this action on March 5, 2002, seeking damages and rescission of their contract with Appellees. Appellants alleged that Appellees were to trade Appellants' securities aggressively rather than conservatively, that Appellees chose the latter course of investment, and that Appellants suffered damages as a result thereof. Appellees filed preliminary objections based on the existence of a valid arbitration agreement. After proceedings involving the enforceability of the arbitration agreement, this action was stayed and the matter was ordered to arbitration on July 30, 2002.

¶ 3 Arbitration proceeded in accordance with the National Association of Securities Dealers ("NASD") Code of Arbitration. Nussbaum Partners did not separately appear at the arbitration hearing because it is a fictitious name used by Mr. Feldman and other stockbrokers employed by Advest. Following the hearing, the arbitrators unanimously dismissed all claims brought by Appellants. Specifically, on November 2, 2004, a three-member arbitration panel entered a "full and final resolution of the issues submitted for determination" in a four-paragraph award. Arbitration Award, 11/2/04, at 2. In paragraph one, the arbitrators stated, "Claimants' claims are dismissed in their entirety," and in paragraph four, the arbitrators ruled, "Any and all relief not specifically addressed herein, including punitive and treble damages, is denied in its entirety." *Id.* In the remaining paragraphs, the panel recommended expungement of references to this matter from Appellees' record and stated that the parties were to pay their respective costs and attorney's fees.

¶ 4 On January 31, 2005, Appellants filed a motion to vacate or correct the award. In that motion, Appellants maintained that the procedural and substantive provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("FAA"), applied to this matter and that their motion was timely pursuant to the FAA. The only specific challenge to the award is contained in paragraphs twenty through twenty-two of the petition:

20. The Arbitration Panel dismissed this matter against the Plaintiffs; however, at that time, the chairman of the panel said, at least two times, that the Panel had recognized Nussbaum Partners to be a separate entity, and that the award would reflect the same.

21. The award is absent of any such finding, despite the clear intent of the panel, reflected on the transcript that will be provided to the Court upon receipt thereof.

22. Because the award does not reflect the stated intention of the Panel, it is within the power of this Court to either vacate the written award or to modify or correct the written award in order to reflect the intent of the Panel, as set forth in the transcript that will be provided.

Motion to Vacate or Correct Arbitration Award and Memorandum of Law in Support thereof, 1/31/05, at ¶¶ 20–22.

¶ 5 In response, on March 29, 2005, Appellees filed a petition to confirm the award, arguing that the petition to vacate or modify the award was untimely because Pennsylvania law rather than the FAA governed the time limits within which the arbitration award had to be challenged. Appellees alternatively argued that Appellants' petition did not contain valid grounds to modify or vacate the award. On May 3, 2005, Appellants filed a document titled, "Memorandum of Applicability of the Federal Arbitration Act," reiterating their position that the FAA was applicable

to this action procedurally and substantively. On July 15, 2005, the trial court denied Appellants' petition, granted Appellees' petition, and directed that judgment be entered in favor of Appellees. The court concluded that the arbitration award should be affirmed both because Appellants' petition was untimely and because the petition failed to set forth a valid ground for setting aside the arbitration award. This appeal followed.

¶ 6 Appellants raise two issues for our review:

1. Whether the Trial Court erred in applying the Pennsylvania Arbitration Act time limitations for the filing of a Motion to Vacate or Correct an Arbitration Award, rather than the time limitations set forth in the Federal Arbitration Act.

2. Whether the Trial Court erred in Concluding that the Motion to Vacate or Correct failed to set forth cognizable grounds for relief.

Appellants' brief at 4.[1]

¶ 7 Appellants first maintain that their petition was timely under section twelve of the FAA, which allows a three-month window for challenging arbitration awards. Appellees counter that as a procedural provision, section twelve does not apply to this state action and that Pennsylvania law, which prescribes a thirty-day deadline for contesting arbitration awards, was properly found to apply by the trial court.

¶ 8 Initially, we note that "we will reverse a trial court's decision regarding whether to vacate an arbitration award only for an abuse of discretion or error of law." *Conner v. DaimlerChrysler Corp.*, 820 A.2d 1266, 1269 (Pa.Super.2003) (quoting *Cerankowski v. State Farm Mutual Auto. Ins. Co.*, 783 A.2d 343, 345 (Pa.Super.2001)).

¶ 9 We find that the trial court correctly concluded that Appellants' petition challenging the propriety of the award was untimely. Section twelve of title nine of the United States Code sets forth the time constraints for filing a petition to modify or vacate an arbitration award, providing as follows:

Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court. For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

9 U.S.C. § 12.[2] Appellees, while conceding that the FAA governs this matter,

---

1. At oral argument, Appellants averred for the first time that the arbitration agreement called for application of New York State law. As this argument was not raised at any point in the trial court proceedings, it is waived on appeal. Pa.R.A.P. 302(a) (emphasis added) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

2. Appellants rely upon a number of federal cases applying section twelve in a federal action. Those cases have no application herein. Obviously, as a procedural provision applicable to federal courts, section twelve applies to federal proceedings. The question in this case is whether a state court must apply the federal limits in a state action.

maintain that section twelve applies only to petitions that are filed in federal district courts because section twelve is a procedural rather than substantive provision of the FAA, and state procedures for the enforcement of arbitration awards still apply to any petition to vacate or modify an award filed in a state court. Thus, the question presented is whether the FAA's procedural provision allowing for a three-month time frame within which to challenge an arbitration award preempts Pennsylvania law, which provides a thirty-day window for contesting such awards. The FAA provides that a

> written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

¶ 10 Courts historically were reluctant to enforce agreements to arbitrate as anathema to their own jurisdiction; it was this reluctance that the FAA was enacted to redress. *Allied–Bruce Terminix Cos., Inc. v. Dobson,* 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995); *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University,* 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). Accordingly, in *Allied–Bruce Terminix,* the United States Supreme Court held that the FAA applies to any agreement affecting interstate commerce, affording the broadest exercise of Congress's power allowed under the Commerce Clause to the FAA. *Accord Citizens Bank v. Alafabco, Inc.,* 539 U.S. 52, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003); *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).

> [W]hen Congress passed the Arbitration Act in 1925, it was "motivated, first and foremost, by a desire" to change this antiarbitration rule. *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). It intended courts to "enforce arbitration agreements into which parties had entered," ... and to "place such agreements 'upon the same footing as other contracts'," *Volt Information Sciences, Inc., supra,* at 474[, 109 S.Ct. 1248] (quoting *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 511, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)).

*Allied–Bruce Terminix, supra* at 270–71, 115 S.Ct. 834. The FAA was designed to implement a policy in favor of arbitration because that process entails the "expeditious resolution of disputes." *Volt Information Sciences, Inc., supra* at 478, 109 S.Ct. 1248.

¶ 11 Therefore, the FAA will be applied both in the federal and state arena for purposes of determining the enforceability of an arbitration agreement that might otherwise be invalid under state law. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). However, as noted, the FAA was intended merely to place agreements to arbitrate on equal legal ground with other agreements. *Volt Information Sciences, Inc., supra.* Thus, interpretation of the terms under which the parties arbitrate remains subject to general state contract principles, and the parties can agree that their arbitration agreement will be governed by state law. *Id.*

¶ 12 Further, the broad reach of the FAA will not extend so far as to preempt the procedural rules of state proceedings because "there is no federal policy favoring arbitration under a certain set

of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Id.* at 476, 109 S.Ct. 1248. State rules governing the "conduct of arbitration" will not run afoul of the FAA even when the FAA does not contain a procedural provision that is coextensive with an applicable state procedural rule as long as the state procedural rule does not undermine the goal of the FAA. *Id.; see also Southland Corp., supra,* where the Court concluded that neither section three [3] nor section four of the FAA applies in state proceedings to compel arbitration, stating "Section 4, for example, provides that the Federal Rules of Civil Procedure apply in proceedings to compel arbitration. The Federal Rules do not apply in such state-court proceedings." *Southland Corp., supra* at 16 n. 10, 104 S.Ct. 852.

 ¶ 13 This issue arises because while the FAA mandates a broad enforceability of all agreements to arbitrate even those unenforceable under state law, the FAA provides for no independent federal jurisdiction over these matters. *See Moses H. Cone Memorial Hospital, supra* at 26 n. 32, 103 S.Ct. 927, where the Court observed:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. V) or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.

¶ 14 We conclude that Pennsylvania's procedural rule providing for a thirty-day rather than a three-month time limit for challenging arbitration awards does not conflict with the FAA's purpose of encouraging arbitration of matters to expedite litigation; rather, it reinforces that goal by more quickly rendering arbitration awards final. We therefore hold that the state procedural limits for challenging arbitration awards is not preempted by section twelve of the FAA. Our conclusion is consistent with those reached by courts of other jurisdictions.

¶ 15 Particularly instructive is the case of *Sultar v. Merrill Lynch, Pierce, Fenner & Smith,* 2004 WL 2595840 (Conn.Super.2004), wherein the plaintiffs proceeded to arbitration in an action against their stockbrokers. The stockbrokers prevailed in an award by NASD that was rendered on February 20, 2004. On May 14, 2004, the plaintiffs petitioned the state court to vacate the award, and the stockbrokers moved to dismiss alleging that the petition was untimely under the state statute, which afforded a party only thirty days to contest an arbitration award. The plaintiffs countered that the three-month period of section twelve of the FAA applied. In accepting the stockbrokers' position that

**3.** 9 U.S.C. § 3, stay of proceedings where issue therein referable to arbitration, provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

the thirty-day time limit was a procedural provision applicable to the state proceeding, the Connecticut Superior Court observed that requiring a party to contest an arbitration award within thirty days did not conflict with the FAA's goal of encouraging swift dispute resolution through the arbitration process.

¶ 16 The Court in *Sultar* also relied upon language from *Atlantic Painting & Contracting, Inc. v. Nashville Bridge Co.,* 670 S.W.2d 841, 846 (Ky.1984). In that case, the Kentucky Supreme Court concluded that while the FAA encompasses substantive and procedural matters, it contains no indication that procedural provisions applicable in federal actions have any impact on state proceedings. The *Atlantic Painting* Court stated, "The [FAA] covers both substantive law and a procedure for **federal courts** to follow where a party to arbitration seeks to enforce or vacate an arbitration award in federal court. The procedural aspects are confined to federal cases." *Id.* at 846 (emphasis added); *accord Southern California Edison Co. v. Peabody Western Coal Co.,* 194 Ariz. 47, 977 P.2d 769, 774–75 (1999) ("The FAA does not . . . require submission to federal procedural law . . . . Each state is free to apply its own procedural requirements so long as those procedures do not defeat the purposes of the act.").

¶ 17 The Court in *Manson v. Dain Bosworth Inc.,* 623 N.W.2d 610 (Minn.App. 1998), reached the same conclusion when examining a similar scenario. In *Manson,* an NASD arbitration panel found against certain investors and in favor of a stockbroker in a dispute over investment advice and stock purchases. The investors applied to the state court to vacate the award but sent notice of the state proceeding by mail rather than by personal service, as required by state law. The Minnesota Court of Appeals affirmed the trial court's dismissal of the act based upon improper service and rejected the investors' position that the provisions of the FAA allowing for service by mail applied. The Court ruled that the manner of service outlined under state law was a procedural requirement and that the FAA's procedural rules do not apply to proceedings instituted in state court.

¶ 18 Further examples of consistent reasoning abound. *E.g., Simmons Co. v. Deutsche Financial,* 243 Ga.App. 85, 532 S.E.2d 436, 439 (2000) (Georgia law conflicted with Section 16(b)(2) of FAA, which states that an appeal will not be allowed from an interlocutory order compelling arbitration; court applied Georgia procedural law holding that "procedural rules established by a state for the arbitration process that do not undermine the purposes and objectives of the FAA are not preempted"); *accord Wells v. Chevy Chase Bank,* 363 Md. 232, 768 A.2d 620 (2001) (following the Georgia court's analysis in *Simmons* ); *Weston Sec. Corp. v. Aykanian,* 46 Mass.App.Ct. 72, 703 N.E.2d 1185, 1189 (1998). Thus, state courts employ their own procedural rules even when a state procedural rule is inconsistent with an FAA procedural rule if the state rule does not conflict with the FAA's purpose of expeditious resolution of legal matters through arbitration.

¶ 19 We now examine the pertinent Pennsylvania law. There are two Pennsylvania arbitration acts, the Uniform Arbitration Act, 42 Pa.C.S. § 7301 *et seq.,* which governs statutory arbitration, and 42 Pa.C.S. § 7341 *et seq.,* which pertains to common law arbitration. An agreement to arbitrate is conclusively presumed to be an agreement to arbitrate under common law arbitration unless the agreement to arbitrate is written and expressly provides for statutory arbitration under the Act or a similar statute or unless the parties implicitly agree that statutory arbitration ap-

plies. *Hall v. Nationwide Mutual Insurance Co.*, 427 Pa.Super. 449, 629 A.2d 954 (1993); 42 Pa.C.S. § 7302(a). It is not clear whether the parties proceeded to statutory arbitration or common law arbitration, but Appellee maintains that the petition was untimely under either type of arbitration. We agree.

¶ 20 We first analyze statutory arbitration. Under section 7314(b), a party's ability to challenge an arbitration award is subject to certain time constraints:

> An application under this section shall be made within 30 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud, misconduct or other improper means, it shall be made within 30 days after such grounds are known or should have been known to the applicant.

42 Pa.C.S. § 7314(b). Our Supreme Court has made it clear that objections to an arbitration award must be brought pursuant to a timely petition to vacate. *Emporium Area Joint School Authority v. Anundson Construction and Building Supply Co.*, 402 Pa. 81, 166 A.2d 269 (1960). In that case, the Court reversed the order of the lower court modifying an arbitration award where the petition to modify or vacate the award was filed beyond the limits permitted by law. The Court ruled that an untimely petition to modify or vacate must be dismissed and observed that its holding promoted the goals of arbitration, which "should be a quick and easy mode of obtaining justice." *Id.* at 85, 166 A.2d at 270 (emphasis omitted).

¶ 21 Similarly, in *Caron v. Reliance Insurance Co.*, 703 A.2d 63 (Pa.Super.1997), we concluded that an untimely petition to vacate an arbitration award operated as a waiver of the party's complaints about the propriety of the award. Specifically, an insurer appealed a trial court's refusal to allow it to petition to vacate an arbitration award *nunc pro tunc*. We observed that under section 7314(b) of the Act, a party is given thirty days from receipt of the award to petition a trial court to vacate it. In that case, the insurer's counsel inadvertently neglected to file the petition in a timely fashion. Citing *Bass v. Commonwealth*, 485 Pa. 256, 259, 401 A.2d 1133, 1135 (1979), we upheld the trial court's refusal to grant the appellant relief, observing, "The time for taking an appeal cannot be extended as a matter of grace or mere indulgence," and extensions can be granted only where fraud or breakdown in the court's operations is present. *Id.* at 65, 401 A.2d 1133. We concluded that "**any** issue related to the arbitrators' decision ... has been waived due to the appellant's failure to file a timely petition to vacate, as required by 42 Pa.C.S. § 7314." *Id.* (emphasis added); *accord Maxton v. Philadelphia Housing Authority*, 308 Pa.Super. 444, 454 A.2d 618 (1982) (trial court lacked jurisdiction to vacate arbitration award because party did not file timely petition under the Act).

¶ 22 The pertinent provision of common law arbitration, 42 Pa.C.S. § 7342(b) (emphasis added), is consistent, stating, "On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration) the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order." In *Hall v. Nationwide Mutual Insurance Co.*, 427 Pa.Super. 449, 629 A.2d 954 (1993), we observed that in common law arbitration, the parties have only thirty days to challenge the arbitrators' award. We held that in light of the language of 42 Pa.C.S. § 7342(b), any issue that a party seeks to raise must be brought within thirty days of when the award is rendered and that after thirty days, the trial court has a mandatory duty

to confirm the award. *See also Beriker v. Permagrain Products, Inc.,* 347 Pa.Super. 102, 500 A.2d 178 (1985).

¶ 23 The award herein was rendered on November 2, 2004, and Appellants' petition was filed on January 31, 2005, well beyond the thirty-day time frame permitted under Pennsylvania law. Hence, the trial court correctly denied the petition based upon its untimeliness.

¶ 24 Order affirmed.