939 A.2d 325

Franco **MOSCATIELLO** and Antionetta Moscatiello, **Appellants**

v.

**J.J.B. HILLIARD, W.L. Lyons, Inc., and Michael E. Kelms and Edmund Kosakowsky, Individually and as Employees and Agents Thereof, Appellees.**

Supreme Court of Pennsylvania.

Argued Sept. 10, 2007.

Decided Dec. 27, 2007.

Arnold Yale Steinberg, Pittsburgh, for Franco Moscatiello and Antionetta Moscatiello, appellants.

Scott R. Leah, Richard B. Tucker, III, Tucker Arensberg, Pittsburgh, for J.J.B. Hilliard, W.L. Lyons, Inc., et al.

BEFORE: CAPPY, C.J., CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

## *OPINION*

Justice EAKIN.

Appellants invested $1.5 million in a single mutual fund managed by appellees. Appellants signed customer agreements with appellees containing an arbitration clause and a choice of law provision. The arbitration clause stated any disputes would be settled in arbitration under National Association of Securities Dealers (NASD) rules, which the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, governs. The choice-of-law provision stated Pennsylvania law would govern.

After losing $574,000 in the mutual fund, appellants filed multiple claims with the NASD against appellees alleging fraud under the Securities and Exchange Act of 1934, common law fraud and deceit, breach of fiduciary duty, negligent

supervision, and violation of the Pennsylvania Unfair Trade Practice and Consumer Protection Law. A three-member NASD arbitration panel dismissed all claims March 14, 2005. NASD Dispute Resolution Award, 3/14/05, at 2. Appellants filed a petition to vacate June 3, 2005.

The trial court dismissed the petition as untimely, holding Pennsylvania's 30–day time limit for challenging arbitration awards was not preempted by the three-month FAA time limit in 9 U.S.C. § 12. Trial Court Opinion, 12/19/05, at 13. There are two arbitration acts in Pennsylvania, the Uniform Arbitration Act (UAA), 42 Pa.C.S. § 7301 *et seq.*, governing statutory arbitration, and 42 Pa.C.S. § 7341 *et seq.*, governing common law arbitration. Both the UAA and common law set forth a 30–day time limit for challenging arbitration awards. *See* 42 Pa.C.S. § 7314(b); *id.,* § 7342(b). The trial court applied the UAA time limit in § 7314(b). The trial court concluded the FAA preempts only state substantive law which interferes with the enforcement of an agreement to arbitrate. *See* Trial Court Opinion, 12/19/05, at 2–4 (citing *Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996); *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University,* 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989); *Perry v. Thomas,* 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987); *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)).

The Superior Court affirmed. *Moscatiello v. J.J.B. Hilliard,* No. 224 WDA 2006, 911 A.2d 193, unpublished memorandum at 5 (Pa.Super. filed Sept. 19, 2006). However, it applied the common law procedural time limit in 42 Pa.C.S. § 7342(b). The court presumed the parties agreed to common law arbitration because the agreements did not expressly state statutory arbitration should apply. *Moscatiello,* at 3 n. 2; 42 Pa.C.S. § 7302(a). The court relied on *Joseph v. Advest, Inc.,* 906 A.2d 1205 (Pa.Super.2006), incorporating the analysis and holdings of *Joseph* as its own. *See Moscatiello,* at 4.

*Joseph* held state rules governing the conduct of arbitration will not run afoul of the FAA as long as the state procedural rule does not undermine the FAA's goal, to encourage arbitra-

tion of matters to expedite litigation. *See Joseph*, at 1210. *Joseph* concluded, "Pennsylvania's procedural rule providing for a thirty-day rather than a three-month time limit for challenging arbitration awards does not conflict with the FAA's purpose ... rather, it reinforces that goal by more quickly rendering arbitration awards final." *Id.* Thus, *Joseph* held the federal procedural time limit does not preempt the state time limit allowing a party 30 days to challenge arbitration awards. *See id.*, at 1210–13.

 We granted allowance of appeal on the following questions:

Does the Federal Arbitration Act's (FAA's) procedural provision which allows for a three-month time frame within which to challenge an arbitration award preempt the state procedural rule which sets the time limit at thirty days? If not, should Pennsylvania courts apply the state or federal procedures?

*Moscatiello v. J.J.B. Hilliard*, 591 Pa. 402, 919 A.2d 186, 186–87 (2007). Questions of law are subject to *de novo* review, and our scope of review is plenary. *Craley v. State Farm Fire and Casualty Company*, 586 Pa. 484, 895 A.2d 530, 539 n. 14 (2006).

Appellants argue because they contracted to arbitrate their claims under the FAA, they should be permitted to rely on the entire FAA in asserting their post-arbitration rights. Appellants' Brief, at 16. They assert the FAA is a substantive body of law applicable in federal and state courts, which includes the three-month time limit for filing challenges to arbitration awards in § 12. *Id.*, at 9, 26. Appellants further argue the FAA preempts conflicting state law. *Id.*, at 9–10, 22. They ask this Court to conclude that Pennsylvania's 30–day time limit provides less protection than the three-month time limit of the FAA. *Id.*, at 22–23. Appellants point to the various time limits for bringing such challenges from state to state and argue for uniform application of the FAA in state courts. *Id.*, at 22–23.

Appellees counter that the FAA only preempts substantive anti-arbitration state laws which prevent the enforceability of arbitration agreements. Appellees' Brief, at 5, 8–9. They assert Pennsylvania's 30–day limit is procedural, and it is not a substantive obstacle to the enforcement of arbitration agreements. *Id.*, at 10. Appellees look to other courts which have applied their state's procedural time limit where the FAA governed the enforcement of the arbitration clause. *Id.*, at 12–13. They assert national uniformity will not be achieved if Pennsylvania courts apply the FAA's time limit because several other jurisdictions require challenges to be filed in less than three months. *Id.*, at 16–17. Appellees also argue that applying the FAA time limit would unnecessarily change the established practice since Pennsylvania's 30–day rule is not preempted. *Id.*, at 17.

 Congress enacted the FAA to overrule the judiciary's longstanding refusal to enforce arbitration agreements; its purpose is to place arbitration agreements on equal legal ground with other contracts. *Volt Information Sciences, Inc.*, at 474, 109 S.Ct. 1248 (citations omitted). The FAA is "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The FAA rests on Congress's authority to enact substantive rules under the Commerce Clause. *Southland Corp.*, at 11, 104 S.Ct. 852. It applies to any agreement affecting interstate commerce. *Allied–Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 273–74, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). Section 2 of the FAA provides:

> *A written provision* in any maritime transaction or a contract evidencing a transaction involving commerce *to settle by arbitration a controversy* thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, *shall be valid, irrevocable,*

*and enforceable,* save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (emphasis added). The FAA does not create independent federal question jurisdiction. *Moses H. Cone,* at 26 n. 32, 103 S.Ct. 927.[1] Under the FAA, arbitration agreements are enforceable in federal and state courts. *See Southland Corp.,* at 11–16, 104 S.Ct. 852.

The Supremacy Clause of the United States Constitution prohibits states from enacting laws contrary to the federal government's laws. It states: "This Constitution, and the Laws of the United States ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. The United States Congress may preempt state law through this clause. *See Krentz v. Consolidated Rail Corporation,* 589 Pa. 576, 910 A.2d 20, 31–32 (2006). "The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt,* at 477, 109 S.Ct. 1248 (citation omitted).

*Southland Corp.* held a California statute violated the Supremacy Clause because it withdrew the power to enforce arbitration agreements, undermining the goal of the FAA. *See Southland Corp.,* at 16, 104 S.Ct. 852.[2] *Volt* held the FAA

---

**1.** *Moses H. Cone* provides:

The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. V) or otherwise. *Id.,* at 26 n. 32, 103 S.Ct. 927.

**2.** Other cases in which the United States Supreme Court held the FAA preempted state law involved anti-arbitration substantive statutes or case law. *See Doctor's Associates, Inc.* (holding FAA preempted Montana statute conditioning enforceability of arbitration agreements on compliance with special notice provisions); *Allied–Bruce Terminix Companies, Inc.* (holding FAA preempted Alabama statute invalidating pre-dispute arbitration agreements in consumer contracts); *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) (holding FAA preempted New York law precluding arbitration awards of punitive damages); *Perry* (holding FAA preempted

did not preempt a California procedural rule authorizing a stay of arbitration where the parties agreed their arbitration agreement would be governed by California law. *See Volt,* at 477, 109 S.Ct. 1248. The FAA governed the enforcement of the arbitration agreement in *Volt,* but the Court interpreted the choice-of-law provision to mean California substantive contract law and procedural arbitration rules otherwise governed the arbitration agreement. *See id.,* at 472–76. *Volt* stated federal law preempts conflicting state law only "to the extent that it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.,* at 477, 109 S.Ct. 1248 (citing *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941)).

■■ Because Pennsylvania's arbitration acts provide for the enforcement of arbitration of contract and other disputes, they foster the federal policy favoring arbitration enforcement. The 30–day time limit found in both Pennsylvania arbitration acts does not undermine this policy or the FAA's goal. *"There is no federal policy favoring arbitration under a certain set of procedural rules;* the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Id.,* at 476, 109 S.Ct. 1248 (emphasis added). *Volt* also stated:

> Interpreting a choice-of-law clause to make applicable state rules governing the conduct of arbitration—rules which are manifestly designed to encourage resort to the arbitral process—simply does not offend the rule of liberal construction set forth in *Moses H. Cone,* nor does it offend any other policy embodied in the FAA.

*Id.* The federal policy favoring arbitration, set forth in the FAA, is limited to Congress's intent to make arbitration agreements enforceable. The FAA does not preempt the procedural rules governing arbitration in state courts, as that is beyond its reach. Thus, we hold there is no preemption.

California law which stated wage collection actions may be maintained without regard to existence of any private agreement to arbitrate).

Appellants properly recognize the FAA does not confer an independent basis of federal jurisdiction. Appellants' Brief, at 20; *Moses H. Cone*, at 26 n. 32, 103 S.Ct. 927. Because there is no federal question or diversity of citizenship, appellants properly filed their petition to vacate in state court. Appellants assert, however, that in the absence of an independent basis of federal jurisdiction, motions to vacate arbitration awards filed in state courts pursuant to the provisions of the FAA are also subject to its procedural provisions, specifically, § 12. Appellants' Brief, at 25–26. Appellants cite numerous federal decisions to support their position.[3] These cases illustrate the three-month limit is the proper procedural time limit to challenge arbitration awards governed by the FAA in federal district courts. Here, there is no federal jurisdiction; the state procedural time limit thus applies, unless it stands in the way of the FAA's function, *i.e.*, to enforce the arbitration agreement. It does not.

The remaining issue is whether Pennsylvania should apply the state or federal procedural time limit, as there is no preemption. The agreements do not specify whether the parties agreed to arbitrate under the procedural rules of common or statutory law. The UAA provides:

(a) *General rule.*—An agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter.

42 Pa.C.S. § 7302(a). Because the agreements do not expressly provide for statutory arbitration, the agreements are

**3.** *See Robinson v. Champaign Landmark, Inc.*, 326 F.3d 767 (6th Cir. 2003); *Decker v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 205 F.3d 906 (6th Cir.2000); *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193 (2d Cir.1996); *Corey Trust Fund v. New York Stock Exchange*, 691 F.2d 1205 (6th Cir.1982); *Tamari v. Bache & Co.*, 565 F.2d 1194 (7th Cir.1977); *Kiewit/Atkinson/Kenny v. International Brotherhood of Electrical Workers, Local 103*, 43 F.Supp.2d 132 (D.Mass.1999).

conclusively presumed to be pursuant to the procedural rules of common law arbitration. Common law arbitration has a 30–day time limit for challenging arbitration awards. *See id.;* § 7342(b).[4]

Regardless of whether an arbitration agreement provides for arbitration pursuant to the UAA or common law, application of a 30–day time limit for challenging arbitration awards is appropriate. *See id.;* 42 Pa.C.S. § 7314(b). As this presents no conflict with the FAA's goal, we hold Pennsylvania courts should apply its procedural rules for filing arbitration award challenges as it more quickly renders arbitration awards final.[5]

Order affirmed. Jurisdiction relinquished.

Justices CASTILLE, SAYLOR, BAER, BALDWIN and Justice FITZGERALD join the opinion.

Chief Justice CAPPY files a concurring opinion.

Chief Justice CAPPY concurring.

I join the majority opinion in all respects, but two. I do not join the majority's description of the time limits for challenging an arbitration award found in 42 Pa.C.S. § 7314(b) and 42 Pa.C.S. § 7342(b) as simply procedural nor do I join the majority's discussion as to whether the three month time limit set forth in the Federal Arbitration Act, as opposed to the

4. Section 7342(b) provides:

 (b) *Confirmation and judgment.*—On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration) the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order. Section 7302(d)(2) (relating to special application) shall not be applicable to proceedings under this subchapter.

 42 Pa.C.S. § 7342(b).

5. This reasoning has been adopted in other states as well: *See Simmons Company v. Deutsche Financial Services Corporation,* 243 Ga.App. 85, 532 S.E.2d 436 (2000); *Atlantic Painting & Contracting, Inc. v. Nashville Bridge Co.,* 670 S.W.2d 841 (Ky.1984); *Weston Securities Corporation v. Aykanian,* 46 Mass.App.Ct. 72, 703 N.E.2d 1185 (1998); *Manson v. Dain Bosworth Inc.,* 623 N.W.2d 610 (Minn.Ct.App.1998); *Jeppsen v. Piper, Jaffray & Hopwood, Inc.,* 879 F.Supp. 1130 (D.Utah 1995).

thirty day time limit set forth in 42 Pa.C.S. § 7342(b), should apply.

Given the preemption question that is before the Court and the law that governs the issue, I believe that any characterization of Pennsylvania's statutory law governing the time within which challenges to an arbitration award must be brought is unnecessary to concluding that § 12 of the Federal Arbitration Act, 9 U.S.C. § 12, does not preempt the state rule in 42 Pa.C.S. § 7342(b). *See Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University,* 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).[1] Further in light of the questions raised by the parties and addressed by the courts below, I do not believe that the choice-of-law issue that the majority opinion discusses on pages 7 and 8 was part of this case.[2]

Accordingly, I join the majority opinion, except for its characterization of 42 Pa.C.S. § 7314(b) and 42 Pa.C.S. § 7342(b), and its discussion and resolution of the choice-of-law issue.

1. I observe that Pennsylvania decisions have suggested that 42 Pa.C.S. § 7314(b) and at 42 Pa.C.S. § 7342(b), in setting forth the time limit in which appeals form arbitration awards must be brought, may be jurisdictional in nature. *See Emporium Area Joint School Authority v. Anundson Const. Building and Supply Co.,* 402 Pa. 81, 166 A.2d 269 (1960); *Maxton v.Philadelphia Housing Authority,* 308 Pa.Super. 444, 454 A.2d 618, 620 (1982); *See also Joseph v. Advest, Inc.* 906 A.2d 1205 (Pa.Super.2006). For purposes of this opinion, however, I do not believe that the nature of the state rules at issue are relevant.

2. I also observe that when this Court granted allocatur, the state rule was described procedural and a question was posed to the parties, asking whether the Pennsylvania Courts should apply the state or federal procedure. *Moscatiello v. J.J.B. Hilliard,* 591 Pa. 402, 919 A.2d 186, 187 (2007). As stated, I do not believe that a characterization of the state rule is necessary. Further, upon reconsideration of the record, I concluded that a choice-of-law question was neither raised by the parties nor addressed by the courts below, and should not have been included in this Court's order granting review.