J-A26023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANDRA A. CHRISTMAN, ADMINISTRATRIX OF THE ESTATE OF ESTER I. STRAUSE, DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MANOR CARE OF WEST READING PA, LLC, D/B/A MANORCARE HEALTH SERVICES – WEST READING NORTH, AND MANORCARE HEALTH SERVICES, INC. AND HCR MANORCARE, INC. AND MANORCARE INC. AND HCR HEALTHCARE, LLC, AND HCR II HEALTHCARE, LIC, AND HCR III HEALTHCARE, LLC, AND HCR IV HEALTHCARE, LLC, | |
| Appellant | No. 1226 MDA 2013 |

Appeal from the Order June 13, 2013
In the Court of Common Pleas of Berks County
Civil Division at No(s): 12-4389

BEFORE:  BOWES, MUNDY, and JENKINS, JJ.

MEMORANDUM BY BOWES, J.:                **FILED JANUARY 05, 2016**

Manor Care of West Reading, PA, LLC, d/b/a Manorcare Health Services – West Reading North, together with the other Manorcare and HCR entities (collectively "Manor Care"), appeals from the June 13, 2013 order

overruling its preliminary objections seeking to compel arbitration of this wrongful death and survival action. We affirm.[1]

Ester Strause[2] was admitted to Manor Care on or about March 6, 2010, with a history of dementia, colon cancer status post-colectomy, gout, atrial fibrillation, and hypertension. She died on April 27, 2010. The Administratrix of her Estate, Sandra A. Christman, commenced this lawsuit against Manor Care by filing a complaint sounding in negligence and negligence *per se*. She alleged that, as a result of Manor Care's inadequate care and treatment, including a lack of food, water, and medicine, Ms. Strause developed pressure ulcers, urinary tract infections, renal failure, C-difficile infection, malnutrition, and dehydration. These conditions ultimately caused her death. Manor Care filed preliminary objections seeking, *inter alia*, to enforce an arbitration agreement ("Agreement") signed by Ms. Christman in her capacity as attorney-in-fact for her mother, Ms. Strause, upon her March 6, 2010 admission to Manor Care. The trial court overruled that objection and Manor Care appealed.

At issue is the enforceability of the Agreement. It expressly stated that it was voluntary, that signing it was not a prerequisite to admission, and

---

[1] This case was held pending the filing of other decisions involving the same issues.

[2] In the certified record, the Decedent is referred to as both Ester Strause and Esther Strause.

that it could be rescinded within thirty days of admission. It provided that all disputes regarding Ms. Strause's stay were to be submitted to binding arbitration governed by the Federal Arbitration Act ("FAA") and administered by the National Arbitration Forum ("NAF"), and that the federal rules of civil procedure and evidence were to apply to the proceeding. The Agreement also provided that if NAF was unable or unwilling to serve as the administrator of the arbitration proceeding, or if the parties mutually agreed in writing not to use NAF, the parties could agree either to use another independent administrator or to dispense with an administrator entirely.[3] If any of the Agreement's provisions were deemed invalid, those provisions would be severable from the remainder of the Agreement.

---

[3] In **Wert v. Manorcare of Carlisle PA LLC**, ___ A.3d ___, 2015 WL 6499141 (Pa. October 27, 2015) (plurality), our Supreme Court declined to overturn **Stewart v. GGNSC-Canonsburg, L.P.**, 9 A.3d 215 (Pa.Super. 2010), in which this Court held that an arbitration agreement designating the NAF and its procedures as the exclusive forum for arbitration was integral to the agreement and unenforceable due to the unavailability of the NAF. The arbitration clause herein, in contrast to the clauses in **Wert** and **Stewart**, does not designate the NAF as the exclusive forum or its rules as the exclusive procedures for arbitration. In **MacPherson v. Magee Mem. Hosp. for Convalescence**, __A.3d.__, 2015 WL 7571937, at *11 (Pa.Super. 2015) (*en banc*), a clause virtually identical to the one herein was found to be "glaringly distinct" from the one in **Wert** due to the lack of NAF exclusivity. The **MacPherson** Court held "that the non-exclusive forum-selection clause herein is not an integral part of the Agreement, and the Agreement does not fail because of the unavailability of the NAF." **Id**. at *12.

Discovery regarding the execution of the Agreement revealed that it was presented to Ms. Christman by Lana Fick, Manor Care's director of activities. Ms. Fick was deposed, and she testified that she routinely read the Agreement with families, explained the difference between arbitration and judicial proceedings, and reviewed a pamphlet regarding arbitration. In her deposition, Ms. Christman testified that she read only a portion of the Agreement and acknowledged that she asked a question regarding a jury trial. She maintained that she signed the Agreement without a full understanding of its implications.

The trial court ruled that the Agreement was substantively unconscionable because it violated public policy and the jury trial waiver by Ms. Christman was unknowing. Furthermore, the trial court held that the provision requiring that arbitration be administered by the National Arbitration Forum ("NAF") was integral to the Agreement, and its failure invalidated the entire Agreement. Moreover, the court found the lack of a termination date and the intent to bind parties as well as parent companies and affiliates for subsequent admissions to be unconscionable. Hence, the trial court denied the preliminary objection in the nature of a motion to compel arbitration on June 13, 2013.

Manor Care timely appealed on July 11, 2013. On August 12, 2013, this Court decided *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651 (Pa.Super. 2013), in which we held that wrongful death beneficiaries were

not bound by an arbitration agreement signed either by the decedent or his legal representative. On September 18, 2013, Manor Care filed its Pa.R.A.P. 1925(b) concise statement of issues complained of on appeal, in which it challenged not only the trial court's finding that the arbitration agreement was unenforceable, but also disputed the application of *Pisano* on the instant facts. It also alleged that the failure to send the survival action to arbitration ran afoul of the Federal Arbitration Act ("FAA") and was thus pre-empted. In its Pa.R.A.P. 1925(a) opinion, the trial court declined to address *Pisano*, the FAA, or preemption, since these issues were not factors in its decision.

Manor Care argues that the trial court erred in numerous respects in refusing to compel arbitration of Administratrix's claims:

1. Whether the Court erred in finding that Sandra A. Christman, Power of Attorney for Esther Strause, did not knowingly and voluntarily waive the right to trial by jury?

2. Whether the Court erred in finding that the ADR Agreement was unenforceable due to unconscionability?

3. Whether the Court erred in finding that the unavailability of the National Arbitration Forum ("NAF") to administer any arbitration proceedings rendered the ADR Agreement unenforceable?

4. Whether the Court erred in finding that, as a matter of law, Plaintiff's wrongful death claims could not be arbitrated?

5. Whether the trial court erred in refusing to enforce arbitration of Plaintiff's survival claims or other non-wrongful death beneficiary claims? *See, e.g. Pisano v. Extendicare Homes, Inc.*, No. 1185 WDA 2012 (Pa.Super. August 12, 2013)

(Holding only that claims of wrongful death beneficiaries are not subject to arbitration).

6. Whether the trial court, in refusing to enforce the ADR Agreement, violated the provisions of the Federal Arbitration Act ("FAA") and U.S. Supreme Court's precedent interpreting the FAA, which strongly favors the arbitration of disputes?

7. Whether the trial court, in refusing to enforce the ADR Agreement, violated the long-standing public policy of the Commonwealth of Pennsylvania favoring the arbitration of disputes?

8. Whether the trial court erred in finding the ADR Agreement violates public policy because pre-dispute arbitration agreements are not appropriate where there are multiple defendants?

9. Whether the trial [court] erred in finding that the ADR Agreement was unenforceable because it did not provide for a termination date or a terminating event?

Appellants' brief at 5-6.

We examine a claim that the trial court improperly overruled a preliminary objection in the nature of a motion to compel arbitration for an abuse of discretion and to determine whether the trial court's findings are supported by substantial evidence. *Pittsburgh Logistics Systems, Inc. v. Professional Transportation and Logistics, Inc.*, 803 A.2d 776, 779 (Pa.Super. 2002). In doing so, we employ a two-part test to ascertain whether the trial court should have compelled arbitration. The first element is whether a valid agreement to arbitrate exists. The second inquiry is whether the dispute is within the scope of the agreement. *Pisano*, *supra* at 654; *see also Elwyn v. DeLuca*, 48 A.3d 457, 461 (Pa.Super. 2012)

(quoting *Smay v. E.R. Stuebner, Inc.*, 864 A.2d 1266, 1270 (Pa.Super. 2004)).   Since arbitration is a matter of contract interpretation and the construction of contracts is a question of law, our review is plenary. *Midomo Co., Inc. v. Presbyterian Hous. Dev. Co.*, 739 A.2d 180, 186-87 (Pa.Super. 1999).

The trial court held, and we agree, that Ms. Christman signed the Agreement solely on behalf of Ms. Strause and pursuant to a power of attorney, and that Ms. Christman did not individually bind herself to arbitrate any wrongful death claims that might arise.[4]   Thus, *Pisano* is controlling. Under that decision, the decedent's agreement to arbitrate, if otherwise enforceable, binds only her estate in a survival action, and the wrongful death claims cannot be compelled to arbitration.

The result in *Pisano* was that both the wrongful death and survival action remained in court.   Post-*Pisano*, litigants argued that *Pisano* conclusively determined that, if the wrongful death action is non-arbitrable but the survival action is arbitrable, then the two actions must be consolidated in court.   However, the consolidation issue was not before this

---

[4] Ms. Christman also argued that she was not a wrongful death beneficiary when she signed the Agreement because her mother was still alive.  She could not, therefore, have given up rights that she did not yet possess.  In support thereof, she maintained that the wrongful death action is a statutory creation, and that the action only comes into being upon the death of the decedent.  42 Pa.C.S. § 8301.  We need not address this contention in light of our ruling herein.

Court in **Pisano**. The defendant in **Pisano** acquiesced in the consolidation of the actions in the trial court pursuant to Pa.R.C.P. 213(e), by not challenging it on appeal.

Manor Care's fourth, fifth, sixth, and seventh issues deal with the unanswered question in **Pisano**: the propriety of applying state law requiring consolidation of wrongful death and survival actions as the basis for retaining both the wrongful death and survival action in court rather than severing the survival case and ordering the latter to arbitration. Manor Care contends that the Agreement was enforceable, and that the trial court should have severed the wrongful death and survival claims, sending the latter to arbitration. Furthermore, reliance upon Pa.R.C.P. 213(e) to deny arbitration of the survival action, according to Manor Care, frustrates enforcement of the FAA. Manor Care argues that Pa.R.C.P. 213 cannot operate to invalidate an otherwise valid arbitration agreement that is governed by the FAA. Thus, it maintains that state law is pre-empted by the federal statute.

In support of its position, Manor Care relies upon **Moscatiello v. J.B.B. Hilliard**, 939 A.2d 325 (Pa. 2007), where the issue was whether Pennsylvania's arbitration rule requiring that appeals be filed within thirty days was pre-empted by the FAA's ninety-day appeal period. Our High Court found no preemption, and held that "state rules governing the conduct of arbitration will not run afoul of the FAA as long as the state procedural

rule does not undermine the FAA's goal, to encourage arbitration." *Id*. at 327. Since the thirty-day time limit found in the Pennsylvania statute did not undermine the goal of the FAA, the FAA did not pre-empt state arbitration rules.

We rejected Manor Care's precise position in *Taylor v. Extendicare Health Facilities, Inc.*, 113 A.3d 317 (Pa.Super. 2015), *allocatur granted* 122 A.3d 1036 (Pa. Sept. 23, 2015). Therein, as in the instant case, there were wrongful death beneficiaries who did not agree to arbitrate. Pa.R.C.P. 213(e)[5] and 42 Pa.C.S. § 8301(a),[6] the wrongful death statute, require

_____

[5] Pa.R.C.P. 213(e) provides that

> (e) A cause of action for the wrongful death of a decedent and a cause of action for the injuries of the decedent which survives his or her death may be enforced in one action, but if independent actions are commenced they shall be consolidated for trial.

Pa.R.C.P. 213(e). The implementation of this imperative is outlined in the three subsections of Pa.R.C.P. 213(e). Consolidation is so important that if only a wrongful death or survival action is filed, the first action may be stayed until the second action is either commenced and consolidated or time-barred. *See* Pa.R.C.P. 213(e)(3).

[6] The legislature acknowledged the overlap in the wrongful death and survival actions and the potential for duplicate recovery, and mandated consolidation of the actions:

> **(a)** General rule.--An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another **if no recovery for**

*(Footnote Continued Next Page)*

consolidation of wrongful death and survival actions due to the potential for duplicate recovery. For instance, a decedent's lost income, which is recoverable in a survival action, is often the source of the loss of support to the wrongful death beneficiaries.[7] Similarly, hospital, nursing, and medical expenses are recoverable under either the wrongful death or survival act. *See Skoda v. West Penn Power Co.*, 191 A.2d 822 (Pa. 1963). Consolidation of wrongful death and survival actions ensures that the findings are consistent and the damages are not duplicative.

We concluded further in *Taylor*, based on our holding in *Pisano*, *supra*, that since the wrongful death beneficiaries did not agree to arbitrate, they could not be compelled to arbitrate. *See Pisano*, *supra*, at 661-62 ("compelling arbitration upon individuals who did not waive their right to a jury trial" infringes upon a constitutional right conferred in Pa. Const. art. 1, § 6); *see also Bruckshaw v. Frankford Hospital of City of Philadelphia*, 58 A.3d 102, 108-109 (Pa. 2012) (recognizing constitutional

*(Footnote Continued)* _____

> **the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery.**

42 Pa.C.S. § 8301(a) (emphasis added).

[7] Lost earnings includes loss of retirement and social security income. *See Thompson v. City of Philadelphia*, 294 A.2d 826 (Pa.Super. 1972).

right to jury trial in both civil and criminal cases).  We added in ***Pisano*** that denying wrongful death beneficiaries their right to a jury trial "would amount to this Court placing contract law above that of both the United States and Pennsylvania Constitutions."  ***Pisano***, ***supra*** at 660-61.  Hence, by default, consolidation in ***Taylor*** could take place only in the judicial forum.

We found in ***Taylor***, ***supra***, that Pa.R.C.P. 213(e) and the wrongful death statute are not in conflict with the FAA and are not obstacles to Congressional objectives.  Neither the rule nor the statute prohibits the arbitration of wrongful death and survival claims.  The rule and statute are neutral regarding arbitration generally, and the arbitration of wrongful death and survival actions specifically.  They are not anti-arbitration as was the statute held pre-empted in ***Allied-Bruce Terminix Cos. v. Dobson***, 513 U.S. 265 (1995) (Alabama statute making written, predispute arbitration agreements invalid and unenforceable) or the West Virginia policy in ***Marmet Health Care Ctr., Inc. v. Brown***, 132 S.Ct. 1201 (2012) (a blanket prohibition of arbitration in nursing home cases involving personal injury or wrongful death).

The rule and statute likewise do not invalidate arbitration agreements under state law contract principles applicable only to arbitration.  ***See Doctor's Assocs. v. Casarotto***, 517 U.S. 681, 686-87 (1996) (Montana statute that rendered arbitration agreements unenforceable unless they contained bold notice conflicted with the FAA because such a notice

requirement was not applicable to contracts generally). Rule 213(e) applies to all wrongful death and survival actions regardless of whether an arbitration agreement is present. Notably, there is nothing in either the statute or rule that precludes wrongful death and survival actions from proceeding together in arbitration when all of the parties, *i.e.*, wrongful death beneficiaries, the decedent, and other defendants, agree to arbitrate.[8] As we concluded in **Taylor**, **supra**, the wrongful death statute and Rule 213(e) are designed to promote judicial efficiency and avoid conflicting rulings on common issues of law and fact. They are even-handed and not calculated to undermine arbitration agreements, and thus, do not present

_____

[8] In the situation where the decedent or his representative has agreed to arbitrate, and there are no wrongful death beneficiaries, a wrongful death action may be brought by the personal representative pursuant to 42 Pa.C.S. § 8301(d). That was the case in **MacPherson v. The Magee Memorial Hospital for Convalescence**, __A.3d.__, 2015 WL 7571937 (Pa.Super. 2015) (*en banc*). MacPherson, the brother of the decedent, did not fall within the group of beneficiaries designated by the wrongful death statute, and he did not identify any individuals who would be entitled to recover damages under that provision. As the personal representative of his brother's estate, he commenced a wrongful death action solely for the benefit of the estate pursuant to subsection (d). This Court held in **MacPherson** that a limited claim by a personal representative pursuant to § 8301(d) is derivative of and defined by the decedent's rights and the personal representative proceeding under this subsection is bound by otherwise enforceable arbitration agreements signed by the decedent. In contrast, an action for wrongful death benefits commenced by the personal representative on behalf of relatives designated in § 8301(b) belongs to the designated relatives and exists only for their benefit. **Pisano v. Extendicare Homes, Inc.**, 77 A.3d 651 (Pa.Super. 2013). We held that **Pisano** was applicable only to wrongful death claims brought on behalf of the beneficiaries designated in 42 Pa.C.S. § 8301(b).

the type of conflict between federal and state law that results in federal preemption.

Herein, as in **Taylor**, there are wrongful death beneficiaries who did not agree to arbitrate. Since our wrongful death statute and Rule 213(e) mandate the consolidation of wrongful death and survival claims, and the wrongful death beneficiaries cannot be compelled to arbitration, the judicial forum is the only option. **Taylor** is controlling herein and supplies an alternative basis for affirming the trial court's order overruling the preliminary objections seeking to compel arbitration. As we may affirm on any basis supported by the record, **see Braun v. Wal-Mart Stores, Inc.**, 24 A.3d 875, 892 (Pa.Super. 2011) (citing **Donnelly v. Bauer**, 720 A.2d 447, 454 (Pa. 1998), we need not address Manor Care's claims that the trial court erred in finding the arbitration agreement to be substantively unconscionable or void due to the failure of the NAF provision.[9]

Order affirmed.

Judge Mundy files a Concurring Statement.

Judge Jenkins files a Concurring Memorandum.

---

[9] In **MacPherson v. The Magee Memorial Hospital for Convalescence**, __A.3d.__, 2015 WL 7571937 (Pa.Super. 2015) (*en banc*), this Court held that a virtually identical arbitration agreement was not substantively or procedurally unconscionable or void due to the failure of the NAF arbitration provision.

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/5/2016