RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0115P (6th Cir.)
File Name: 03a0115p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: STEVE D. ROBINSON,
                *Debtor.*

_____

STEVE D. ROBINSON,
                *Appellant,*

    *v.*

CHAMPAIGN LANDMARK,
INC.,
                *Appellee.*

No. 01-3985

On Appeal from the Bankruptcy Appellate Panel
of the Sixth Circuit.
No. 99-57410—Donald E. Calhoun, Jr.,
Bankruptcy Judge.

Argued: February 6, 2003

Decided and Filed: April 18, 2003

Before: SILER and ROGERS, Circuit Judges; GWIN,
District Judge.[*]

_____

[*] The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

_____

## COUNSEL

**ARGUED:** Grady L. Pettigrew, Jr., COX, STEIN &
PETTIGREW, Columbus, Ohio, for Appellant. Ray A. Cox,
COX & GINGER, Dayton, Ohio, for Appellee. **ON BRIEF:**
Grady L. Pettigrew, Jr., COX, STEIN & PETTIGREW,
Columbus, Ohio, for Appellant. Ray A. Cox, COX &
GINGER, Dayton, Ohio, for Appellee.

_____

## OPINION

_____

JOHN M. ROGERS, Circuit Judge. This case involves an
attempt to get review of an arbitration award in a bankruptcy
proceeding. Review of an arbitration award is limited to
proper motions to vacate or modify under the Federal
Arbitration Act, and Debtor did not timely file such a motion.
We therefore affirm the judgment below.

### I. Procedural Background

This case arose out of grain contracts between a producer,
Robinson, and Appellee-Creditor Champaign Landmark, Inc.
[Landmark]. Robinson did not comply with the requirements
of the contracts. The parties' contracts had a clause requiring
arbitration by the National Grain and Feed Association
[NGFA] to resolve contractual disputes. Robinson refused to
submit to arbitration. Landmark brought an Ohio state court
action in the Court of Common Pleas, Champaign County,
Ohio, to enforce the contracts' arbitration provision. The Ohio
court ordered the parties to arbitrate, holding that "[a]ll
matters of defense raised by the Defendant [Debtor] are
matters relating to controversy about the contract and
arbitration as [sic] the required contractual means of dealing
with controversies in this case." Robinson did not appeal the
order referring the case to arbitration, and Robinson and
Landmark entered into an agreement to arbitrate.

Robinson primarily contended before the arbitration panel that Landmark unilaterally modified the contracts without Robinson's consent. The arbitration panel rejected Robinson's argument, and on or about June 18, 1999, the NGFA panel awarded Landmark $219,272 plus interest from January 1, 1999, until paid.[1] The panel stated that "[t]he contracts were valid cash grain contracts containing delivery obligations, shipment periods and specified delivery locations." The arbitration decision became final 15 days later, on or about July 3, 1999. Robinson did not file a motion with a district court to vacate the award, *see* 9 U.S.C. § 10, nor did Landmark file a judicial action to confirm the award, *see id.* § 9.

Robinson subsequently filed for Chapter 12 bankruptcy on August 17, 1999. On September 29, 1999, Landmark filed a claim in that proceeding based on the arbitration award. Robinson filed an objection to the claim on February 11, 2000. In the objection Robinson argued that the arbitration proceeding lacked due process, that the arbitrators were not impartial, that the grain contracts were unenforceable because they failed to meet the requirements of the Commodity Exchange Act, 7 U.S.C. § 1 et seq., and other laws, and that Landmark had breached fiduciary duties to Robinson. In its memorandum in opposition to Robinson's challenge, Landmark argued inter alia that Robinson was barred by res judicata and collateral estoppel from pursuing its objection to the claim.

By agreement, the bankruptcy court bifurcated the case for hearing. The agreed order provided that the court would first consider Landmark's argument that Robinson's objection was barred by res judicata and collateral estoppel. The order provided that the preclusion issue was to be submitted on the basis of written memoranda and that

---

[1] The NGFA decision in the record is undated. The bankruptcy court found that it was issued on or about the date indicated. A letter from the Secretary of the NGFA sent to the parties regarding the arbitration decision was dated June 18, 1999.

[o]ral argument . . . shall be heard on September 11, 2000 . . . after which the issue will be submitted on the record. If the Court finds that Debtor's Objection is barred by res judicata or collateral estoppel, the Objection of Debtor may be overruled without an actual evidentiary hearing and the Claim may be allowed. If the Court finds that the Debtor's objection is not barred by the doctrine of res judicata or collateral estoppel, then an evidentiary hearing on Debtor's Objection shall be heard on [October 30 and 31].

Following the September 11 oral argument, and without a subsequent hearing, the bankruptcy court entered an opinion and order overruling Robinson's objection to Landmark's claim. The bankruptcy court first held that Robinson had failed to allege or to prove any specific facts warranting the vacating of the arbitration award. In doing so, the court applied the criteria for review of arbitration decisions found in Section 10 of the Federal Arbitration Act [FAA]. It found that there was no "evident partiality or corruption in the arbitrators," 9 U.S.C. § 10(a)(3). In doing so, the court relied on *The Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 326 (6th Cir. 1998), and *Harter v. Iowa Grain Co.*, 220 F.3d 544, 553-57 (7th Cir. 2000), to reject as a matter of law Robinson's claim that the NGFA arbitration process is systematically biased. The court also relied on the absence of any proffer of evidence beyond the argument that the system is biased. The court additionally found that the arbitrators did not exceed or misuse their authority, or manifestly disregard the law. Here the court rejected—on the basis of case law—Robinson's argument that the grain contracts in question were subject to the requirements of the Commodity Exchange Act.

Although the bankruptcy court rejected Robinson's FAA § 10 arguments challenging the arbitration award, it proceeded to hold, apparently in the alternative, that res judicata precluded the court from addressing the merits of Robinson's objection to the claim.

Robinson appealed to the Bankruptcy Appellate Panel for the Sixth Circuit [Appellate Panel], contending that the bankruptcy court erred in failing to conduct an evidentiary hearing. The Appellate Panel affirmed, holding that Robinson failed to demonstrate any grounds for the bankruptcy court to refuse recognition of the arbitration award, and not reaching the bankruptcy court's res judicata ruling.

The Appellate Panel held first that Robinson was bound by the Ohio state court decision that the grain contracts validly required arbitration in the first place. Then, relying on *Andersons*, *supra*, the Appellate Panel rejected as a matter of law Robinson's "generalized argument" that NGFA arbitrators are "tainted." The Appellate Panel noted that Robinson had not argued that any of the arbitrators had been biased in the sense that one or more of them had a stake in the outcome, nor did Robinson indicate that he had any substantive proof to offer beyond the general argument about systemic bias.

The Appellate Panel next held that the arbitrators did not exceed their authority, 9 U.S.C. § 10, because Robinson's argument regarding the nature of the grain contracts was an argument that the arbitrators erred, not that they exceeded their authority. The Appellate Panel also held that the arbitrators had not "manifestly disregarded the law," *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000). Here the Appellate Panel found that there was nothing in Robinson's argument to indicate that any proof could have been offered that the arbitrators were wrong in their interpretation of the parties' contracts. The Appellate Panel also held that this court's decision in *Andersons*, *supra*, required rejection of Robinson's arguments as a matter of law.

The Appellate Panel then briefly considered Robinson's argument that he was entitled to judicial review of the unconfirmed arbitration award, even though such an argument would more logically have been considered at the threshold.

The Appellate Panel noted an "initial flaw" in the argument, based on 9 U.S.C. § 12, that Robinson was "late if his objection to Landmark's proof of claim is construed as his effort to vacate the arbitration award." Under 9 U.S.C. § 12, notice of a motion to vacate must be served on the adverse party within three months after the award is filed or delivered. The Appellate Panel stated that it was not "shutting the door on [Robinson] on the timeliness issue," and finally rejected the idea that there was any significance to Landmark's failure to have obtained judicial confirmation of the arbitration award.

The Appellate Panel affirmed without reaching the res judicata issue, concluding that the bankruptcy court correctly found no plausible way in which Robinson could attack the arbitration award, and that the court was therefore not in error in denying Robinson a "futile" evidentiary hearing.

## II.   Standard of Review

When a bankruptcy court judgment has been reviewed by a district court, we review the bankruptcy court's findings of fact for clear error and the district court's legal conclusions de novo. *In re Highland Superstores, Inc.*, 154 F.3d 573, 576 (6th Cir. 1998). Where the Appellate Panel substitutes for the district court pursuant to 28 U.S.C. § 158(b)(1), it follows that we review the Bankruptcy Appellate Panel's legal conclusions de novo.

## III.   Analysis

While we find no error in the Appellate Panel's application of the FAA criteria for review of an arbitration award, we affirm on alternate, threshold grounds. This court has held that arbitration awards under the FAA are binding unless a motion to vacate or modify has been filed in accordance with the terms of that Act. No such motion was filed, and even construing Robinson's objection to Landmark's claim as such a motion, it was untimely. It was therefore not necessary for the bankruptcy court to consider the grounds for challenging an arbitration award under the FAA.

In *Corey v. NYSE*, 691 F.2d 1205 (6th Cir. 1982), this court affirmed the dismissal of a lawsuit against the New York Stock Exchange [NYSE]. The plaintiff had alleged that the procedures followed in an arbitration proceeding sponsored by the NYSE, to which he had been a party, were wrongful and caused him injury. This court upheld the dismissal of the entire lawsuit, including the claims that were based on the actions of the NYSE arbitration director. Such claims, this court held, amounted to an impermissible collateral attack on the arbitration award. We held unequivocally that the FAA "provides the exclusive remedy for challenging acts that taint an arbitration award." 691 F.2d at 1211. More specifically, "[o]nce an arbitrator has rendered a decision the award is binding on the parties unless they challenge the underlying contract to arbitrate pursuant to section 2 or avail themselves of the review provisions of sections 10 and 11." 691 F.2d at 1212.

In this case, Robinson cannot challenge the underlying contract to arbitrate because he was bound by the Ohio state court judgment in that regard. And he has not availed himself of the review provisions of 9 U.S.C. §§ 10 and 11 by filing a motion to vacate or modify the arbitration award. A party who is subject to a valid contract to arbitrate and who has not moved to vacate or modify the award under 9 U.S.C. §§ 10 and 11, "may not transform what would ordinarily constitute an impermissible collateral attack into a proper independent direct action by changing defendants and altering the relief sought." 691 F.2d at 1213. We hold that this reasoning extends as well to bankruptcy proceedings in which there is an attempted collateral attack on an arbitration award.

It may be argued, however, that Robinson's objection to Landmark's claim should itself be treated as a motion to vacate the arbitration award. Section 10 of the FAA provides that "the United States court in and for the district wherein the award was made" may enter an order vacating an arbitration award. A district court in New York has found that bankruptcy courts are "courts of the United States" for purposes of Section 3 of the FAA, and it would seem to

follow that they are "United States court[s]" for purposes of Section 10 of the FAA as well. *In re Crysen/Montenay Energy Co.*, 240 B.R. 166, 169-72 (S.D.N.Y. 1999), *aff'd*, 226 F.3d 160 (2d Cir. 2000). Bankruptcy courts have not hesitated to entertain motions to vacate arbitration awards. *See, e.g.*, *In re Goldbronn*, 263 B.R. 347 (Bankr. M. D. Fla. 2001); *In re Sacred Heart Hosp.*, 200 B.R. 826 (Bankr. E. D. Pa. 1996).

However, as the Appellate Panel indicated, even liberally construing Robinson's objection to Landmark's claim as a motion to vacate the arbitration award, it was untimely. Under 9 U.S.C. § 12, notice of a motion to vacate must be served on the adverse party within three months after the award is filed or delivered. The arbitration award appears to have been entered on June 18, 1999,[2] and to have become final fifteen days later, while Robinson's objection was not filed until February 11, 2000. Therefore, Robinson did not meet the three month deadline set forth in FAA § 12.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the Bankruptcy Appellate Panel.

---

[2] See Joint Appendix 75. The Appellate Panel identified this date as "on or about June 19," and later referred to the date as "July 19, 1999." We assume that the latter date was an inadvertent error, and in any event the result is the same.