NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0311n.06
Filed: May 7, 2007

No. 06-4030

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re: HENRICKS COMMERCE PARK, LLC, )
)
)
Debtor. )
)                    ON   APPEAL   FROM   THE
_____ )    BANKRUPTCY APPELLATE PANEL
)                    OF THE SIXTH CIRCUIT
GARY GORSKI, )
)
Appellant, )
)
v. )
)
SAUL EISEN, U.S. Trustee, )
)
Appellee. )
)

Before: DAUGHTREY and GIBBONS, Circuit Judges; and SCHWARZER, District Judge.[*]

JULIA SMITH GIBBONS, Circuit Judge. Appellant, the sole equity security holder of a debtor in bankruptcy, challenges the decision of the Bankruptcy Appellate Panel affirming the bankruptcy court's denial of his motion seeking administrative expense priority for his legal fees pursuant to 11 U.S.C. § 503(b)(3)(D), (b)(4). Although appellant casts the issue on appeal in terms of the proper interpretation of § 503 of the Bankruptcy Code, the issue before us is not a legal one.

_____

[*]The Honorable William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

1

The decisions rendered by both the appellate panel and the bankruptcy court turned on factual determinations made by the bankruptcy court–findings that remain unchallenged on appeal. Moreover, a review of the record reveals no error in these factual findings. Accordingly, we affirm.

I.

Appellant Gary Gorski is the sole managing member and equity shareholder of Henricks Commerce Park, LLC ("Debtor"). On August 28, 2002, Debtor filed for Chapter 11 bankruptcy protection. The bankruptcy court authorized Debtor to retain James Ehrman of the firm Porter, Wright, Morris, and Arthur ("Porter Wright") as counsel.

On December 31, 2003, the law firm of Simon & Short, LLC (the "Firm") filed an application for approval as substitute counsel for Debtor. On January 26, 2004, the bankruptcy court denied the Firm's application, finding that the Firm could not meet the requirements of 11 U.S.C. § 327. While Porter Wright continued as Debtor's counsel, the Firm took the lead role in the bankruptcy proceedings, purportedly representing Gorski in his capacity as Debtor's sole equity shareholder.

On May 4, 2005, Gorski filed a motion to have the Firm's legal fees and expenses incurred during the bankruptcy proceedings given administrative expense priority under 11 U.S.C. § 503(b)(3)(D), (b)(4). On June 15, 2005, the bankruptcy court denied Gorski's motion. In denying Gorski's motion, the court did not take issue with Gorski's formulation of the legal standard to be applied. Rather the bankruptcy court found that (1) the Firm's representation was not limited to work performed on behalf of Gorski in his individual capacity as Debtor's sole equity security holder but that the Firm also performed work on behalf of Debtor; and (2) the Firm's work on behalf of Debtor was so intertwined with its representation of Gorski as an equity security holder that it was impossible

to determine which portion of the Firm's fees and expenses were attributable to its representation of Gorski. The bankruptcy court then noted that because the Firm's application to serve as Debtor's counsel was denied, any fees attributable to work done for Debtor could not be given administrative expense priority under § 503. Finally, the bankruptcy court determined that the absence of a means for apportioning the Firm's fees between the two aspects of its representation precluded an award of any of its fees and expenses as an administrative expense under § 503.

Following the bankruptcy court's denial of Gorski's motion to alter or amend, he appealed the decision of the bankruptcy court. The Bankruptcy Appellate Panel ("BAP"), in an opinion relying on substantially the same reasoning as the bankruptcy court, affirmed. Gorski subsequently appealed.

II.

We review a bankruptcy court's factual findings for clear error. *Robinson v. Champaign Landmark, Inc.* (*In re Robinson*), 326 F.3d 767, 770 (6th Cir. 2003). We review legal issues, whether resolved by the district court or a bankruptcy appellate panel, *de novo*. *Id.* at 771.

The parties and the courts that have previously considered Gorski's claim agree as to the general statutory framework that governs this case. Under 11 U.S.C. § 503, certain expenses incurred during the pendency of a bankruptcy proceeding are entitled to administrative priority. More specifically, attorneys' fees may be treated as administrative expenses under certain circumstances. Section 503(b)(2) treats as administrative costs any compensation and reimbursement awarded under 11 U.S.C. § 330(a). Under § 330(a), legal fees incurred by the trustee–or the debtor-in-possession[1] who assumes the powers and duties of trustee[2]–in the administration of the estate are compensable

---

[1]Under 11 U.S.C. § 1101(1), a debtor-in-possession means the debtor in a Chapter 11 case where, as in this case, no trustee has been appointed.

[2]*See* 11 U.S.C. § 1107(a).

3

so long as retained counsel meets the disinterestedness requirement of 11 U.S.C. § 327. Under § 503(b)(3)(D), (b)(4), the legal fees of certain individuals, including an equity security holder of the debtor, may be treated as administrative expenses if those individuals make a "substantial contribution" to the case. It is in this latter class of administrative expenses that Gorski seeks to include legal fees incurred as a result of the Firm's representation of him in his role as the Debtor's sole equity security holder.

III.

Gorski's argument on appeal focuses on his claim that the BAP, and implicitly the bankruptcy court, erroneously construed § 503(b)(3)(D), (b)(4). However, his claim fundamentally misunderstands the BAP decision. There is nothing in its opinion to support Gorski's claim that the BAP created an additional requirement–namely, prior approval of the bankruptcy court pursuant to 11 U.S.C. § 327–in order for an equity security holder's attorneys' fees to be included under § 503(b)(3)(D), (b)(4). As discussed below, Gorski's argument fails not because he misapprehends the legal framework but because the bankruptcy court's factual findings, unchallenged by Gorski, preclude an award of fees under § 503(b)(3)(D), (b)(4).

In denying Gorski's motion, the bankruptcy court made two critical factual findings: (1) the Firm performed work on behalf of both Debtor, whose sole representative throughout the bankruptcy proceedings was Gorski, and Debtor's sole equity security holder, also Gorski; and (2) the Firm's work on behalf of Debtor was so intertwined with that done on behalf of Debtor's equity security holder that it was impossible for the court to determine how to apportion the legal fees between the two. Consequently, the bankruptcy court denied Gorski's motion, noting that it need not engage in

4

any inquiry regarding the § 503(b)(3)(D), (b)(4) requirements as it was unable to calculate the amount of any legal fees that might qualify.

Contrary to Gorski's assertion, the BAP, in affirming the bankruptcy court, expressly rejected the notion that § 503(b)(3)(D), (b)(4) imposes any condition of prior court approval or disinterestedness before an equity security holder's attorneys' fees can be given administrative expense priority. Gorski's position throughout these proceedings has remained unchanged: because the Firm represented him in his capacity as an equity security holder of Debtor and because he substantially contributed to the case, § 503(b)(3)(D), (b)(4) mandates administrative expense treatment for the Firm's legal fees. Gorski does not contend that work performed by the Firm on behalf of Debtor is compensable under § 503.[3] Given the factual finding that the Firm actually performed work for Debtor and the absence of an ability to apportion accurately the legal fees at issue in this case, the bankruptcy court was correct in denying Gorski's motion. Gorski's failure to challenge these factual findings, by itself, justifies affirmance.

Furthermore, there is ample evidence to support the bankruptcy court's findings. As to the question of whether the Firm did work on behalf of Debtor, we find no error in the bankruptcy court's resolution of this matter. As the BAP observed in its review, (1) the Firm performed work

---

[3]Even if Gorski were to make such an argument, it would likely fail. As the Seventh Circuit has observed, once a bankruptcy court determines that an attorney may not represent a debtor-in-possession because he or she does not meet the requirements of 11 U.S.C. § 327, it would render the limitation imposed by § 327 meaningless if the bankruptcy could award fees for services rendered by said counsel under § 503. *See In re Milwaukee Engraving Co., Inc.*, 219 F.3d 635, 637-39 (7th Cir. 2000) (noting that an attorney's fees may be given administrative priority, if at all, through operation of § 503(b)(2), which imports the requirements of court approval under 11 U.S.C. § 327).

traditionally done by a debtor's counsel;[4] (2) Gorski's own affidavits offered in support of his motion acknowledged that he acted solely through the Firm, both in his capacities as sole representative of Debtor and as Debtor's equity security holder; (3) the Firm acknowledged before the bankruptcy court that it saw no real distinction between Gorski's dual roles in the bankruptcy; and (4) after the Firm's appearance, Porter Wright was relegated to a secondary and mainly advisory role in the proceedings. Gorski offers nothing to refute this evidence, and we are left with little doubt as to the soundness of the bankruptcy court's finding, much less the "definite and firm conviction" that a mistake has been made that would support a finding of clear error. *See, e.g.*, *United States v. Alt* (*In re Alt*), 305 F.3d 413, 422 (6th Cir. 2002).

As to the bankruptcy court's finding that the two aspects of the Firm's representation were too intertwined to allow the court to assess which portion of its fees might qualify as an administrative expense, this finding also must stand. As noted above, the Firm, though the counsel-of-record for Debtor's equity security holder, took a lead role in the proceedings, performing work that is often done by a debtor's counsel. The individual in the best position to identify some quantum of the Firm's work that can be traced to its representation of Debtor's equity security holder–namely, Gorski–has failed to do so. Absent some showing by Gorski, we cannot conclude the bankruptcy court clearly erred in finding it impossible to apportion the fees in a meaningful and accurate way.

---

[4]Gorski takes issue with this observation, suggesting that were we to affirm the BAP decision, we would in effect craft a rule preventing an equity security holder from obtaining attorneys' fees under § 503(b)(3)(D), (b)(4) whenever that equity security holder's counsel performs work traditionally done by a debtor's counsel. We adopt no such rule. The fact that much of the work done by the Firm is work traditionally done by a debtor's counsel merely lends support to the bankruptcy court's finding that the Firm *did work on behalf of Debtor* in addition to representing Debtor's equity security holder. The result reached in this case arises from its unique factual context, and Gorski's efforts to recast the BAP decision or any decision affirming the BAP as a broad legal rule are misplaced.

**IV.**

For the foregoing reasons, we affirm.