NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0339n.06
Filed: May 15, 2009

No. 08-3564

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **WILLIAM B. COOK**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| **ALL STATE HOME MORTGAGE, INC.**, *et al.* | ) | **O P I N I O N** |
| | ) | |
| *Defendants-Appellants*. | ) | |

BEFORE: COLE and CLAY, Circuit Judges; and CLELAND, District Judge.[*]

**COLE, Circuit Judge.** Defendants-Appellants All State Home Mortgage, Inc. ("All State"),

Michael McCandless, All State's president, and Jamie Fiore, an All State manager (collectively,

"Defendants"), appeal the district court's decision denying their request for attorney fees following

the dismissal of the complaint filed by Plaintiff-Appellee William B. Cook, and opt-in plaintiffs,

James W. Wallace, Peter "Pete" Toth, and Andrew "Andy" Toth (collectively, "Plaintiffs"), claiming

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. The district court

granted Defendants' motion to dismiss and compel arbitration, but Plaintiffs, electing not to arbitrate

the dispute, appealed the ruling to this Court and also filed an administrative complaint with the

Department of Labor ("DOL"). The district court subsequently denied Defendants' request for

attorney fees based on its conclusion that the "Attorney Fees" provision in the employment

---

[*]The Honorable Robert H. Cleland, United States District Court for the Eastern District of
Michigan, sitting by designation.

agreement between All State and Plaintiffs (the "Employment Agreement") allows All State to recover only those attorney fees, costs, and expenses associated with transferring the matter to arbitration. Defendants contend that the district court's order was an abuse of discretion because it contravenes the court's earlier order dismissing the complaint and compelling arbitration and because it would lead to a "miscarriage of justice." For the following reasons, we **AFFIRM** the district court's decision.

## I. BACKGROUND

Plaintiffs are former All State loan officers. Sometime in the spring of 2006, Plaintiffs left All State and began working for a competitor in violation of the non-competition clause in the Employment Agreement. In May 2006, Plaintiffs filed a two-count complaint under the FLSA against All State, McCandless, and Fiore, requesting back wages allegedly owed from May 15, 2003 to May 2006, and reasonable attorney fees, costs, and expenses. Given the parties' contentious relationship, the court issued a June 6, 2006 order directing that the parties communicate only through counsel.

Even after the court issued a no-contact order, the litigation continued to be acrimonious, and Plaintiffs complained to the court that All State employees were intimidating them with threatening phone calls. In October 2006, following Andy Toth's allegations that he had received death threats over the phone from a restricted telephone number, the court ordered an investigation of Toth's phone records and learned that the restricted number from which the threatening calls were allegedly made belonged to James "Ilya" Palatnik, an All State employee. Palatnik represented to All State's counsel that the calls had been made by someone who had attended a party at his house. On October

24, 2006, the court ordered every All State employee who had attended Palatnik's party to show cause why the company should not be held in contempt for violating the earlier no-contact order. When numerous employees did not comply, the court found All State to be in criminal contempt and fined the company $10,000.00.

Defendants moved to dismiss the complaint and compel arbitration, arguing that Section 14 of the Employment Agreement requires submission of all employment disputes arising under the FLSA to arbitration. Defendants further argued that under Section 14.6 of the Employment Agreement, the district court should award All State fees, costs, and expenses associated with responding to a claim brought in federal court that should have been arbitrated, as well as the attorney fees, costs, and expenses arising from transferring the case to arbitration.

On August 7, 2006, the district court granted Defendants' motion to dismiss without prejudice, concluding that the arbitration provision in the Employment Agreement was valid, and directing Plaintiffs to pay Defendants' fees, costs, and expenses associated with compelling arbitration. The court explained:

> The Court is satisfied that there is a valid agreement to arbitrate the dispute in question. Pursuant to Section 14.6 of the parties' employment agreements, Plaintiffs are directed to pay Defendant All State's fees, costs and expenses associated with transferring this case to arbitration, including any filing fees charged by the arbitration tribunal.

(Record on Appeal ("ROA") 16.)

On September 4, 2006, Cook, on "behalf of himself and others similarly situated," appealed the district court's ruling to this Court. On September 22, 2006, while the appeal was pending, Defendants filed a post-judgment motion with the district court asking the district court to: (1)

require Plaintiffs to show cause as to why they had ignored Defendants' continued requests for the payment of attorney fees; (2) force Plaintiffs to post a supersedeas bond for $20,000.00; and (3) assess continuing fees, costs, and expenses associated with litigating the federal appeal. The district court denied the motion explaining that because Cook had appealed the district court's ruling to the Sixth Circuit, it was divested of jurisdiction to consider Defendants' arguments.

On January 31, 2008, a panel of this Court affirmed the district court's August 7, 2006 opinion and order dismissing the complaint. *Cook v. All State*, No. 06-01206 (6th Cir. 2008). While this appeal was pending, Cook filed two more appeals, both stemming from the district court's August 7, 2006 decision. The first of these appeals, which Cook filed pro se, (No. 07-3074), was terminated due to a "technicality" during filing. The second appeal (No. 07-3111), also brought pro se, was filed following the district court's December 18, 2006 denial of Cook's Rule 60(b) motion, which occurred more than three months after the entry of judgment while Cook's original appeal was still pending. On February 8, 2008, Defendants moved this Court for damages for a frivolous appeal, requesting attorney fees, costs, and expenses. On June 17, 2008, this Court affirmed the district court's order denying Cook's Rule 60(b) motion and denied all pending motions, including Defendants' motion for damages. *Cook v. All State*, No. 07-3111 (6th Cir. 2008).

Following this Court's affirmance of the district court's August 7, 2006 dismissal, Defendants filed a Request for Supplemental Application for Attorneys' Fees, Costs and Expenses totaling more than $39,000. On March 18, 2008, the district court denied Defendants' motion without prejudice, directing All State to seek attorney fees, costs, and expenses arising from an allegedly frivolous appeal in this Court. The district court explained that Plaintiffs were not

responsible for paying All State's fees and costs associated with "transferring the case to arbitration"

because, in lieu of arbitrating the dispute, Plaintiffs had pursued appeals in this Court and filed a

claim with the DOL. The district court further reasoned that "All State can seek attorney[] fees from

the Sixth Circuit for fees in connection with the three appeals (two pro se and one filed by [counsel]),

which have been dismissed." (ROA 81.) Although Defendants requested and were granted an order

clarifying the district court's decision, the district court adhered to its March 18, 2008 order denying

Defendants' request for fees, costs, and expenses. On April 18, 2008, Defendants timely appealed

both the district court's March 18, 2008 order and its subsequent order on Defendants' motion for

clarification.

On April 15, 2008, the district court granted the Motion to Withdraw by Plaintiffs' attorney,

Jeffrey M. Yelsky, in which Yelsky expressed his concern that Cook had created a conflict of interest

by "tak[ing] over his own representation as a *pro se* plaintiff, [and] filing motions and other papers

with the Court either against [Yelsky's] advice or without [his] knowledge." Cook now proceeds

pro se.

## II. ANALYSIS

Section 14 of the Employment Agreement, entitled "Arbitration and Dispute Resolution,"

states that an employee must arbitrate any claim arising under the FLSA. Section 14.6 of the

Employment Agreement provides:

> Attorney Fees. If Employee brings a claim in court that should have been brought in arbitration pursuant to this Agreement, Employee agrees to pay Employer's attorney fees, costs and expenses associated with transferring the matter to arbitration, including any filing fees charged by the arbitration tribunal.

*William B. Cook v. All State Home Mortgage, Inc., et al.*
Case No. 08-3564

(Cook Br. Ex. 1, 8.) In dismissing Plaintiffs' complaint and granting Defendants' Motion to Compel

Arbitration, the district court upheld the arbitration agreement, including Section 14.6, stating:

> The Court is satisfied that there is a valid agreement to arbitrate the dispute in question. Pursuant to Section 14.6 of the parties' employment agreements, Plaintiffs are directed to pay Defendant All State's fees, costs, and expenses associated with transferring this case to arbitration, including any filing fees charged by the arbitration tribunal.

(ROA 16.) However, the district court ultimately denied Defendants' Request for Supplemental

Application for Attorneys' Fees, Costs and Expenses, which followed Cook's multiple appeals of

its earlier ruling, explaining that because the case was never transferred to arbitration, Plaintiffs were

not obligated to pay All State's attorney fees. In response to Defendants' motion for clarification,

the court reasoned:

> The Attorney Fees Provision does not allow All State to recover attorney[] fees, costs and expenses for successfully litigating a motion to dismiss and compel arbitration; rather, it only allows All State to recover attorney[] fees, costs and expenses associated with transferring the matter to arbitration. Since Plaintiffs have not transferred the matter to arbitration, they have no obligation to All State.
>
> To the extent that the provision is ambiguous, contract principles dictate that the provision be interpreted against the drafter, i.e., All State. *See Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 455 (6th Cir. 2003). Finally, to the extent that this interpretation of the provision can be read to modify the August 7, 2006 Order, the disturbing course of events that has transpired since that date[, namely, All State's alleged harassment of plaintiffs,] more than justifies any such modification.

(ROA 90.)

Defendants argue that the district court's decision denying its request for attorney fees, costs,

and expenses was an abuse of discretion because the court misinterpreted Section 14.6 as only

allowing such an award where a case was actually transferred to arbitration. Notwithstanding

Defendant's invocation of an "abuse of discretion" standard, because the district court's decision denying attorney fees is an issue of contract interpretation, we apply de novo review. *Noe v. PolyOne Corp.*, 520 F.3d 548, 551 (6th Cir. 2008).

"A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Chandler v. Specialty Tires of Am. (Tennessee), Inc.*, 283 F.3d 818, 823 (6th Cir. 2002) (quoting *Super Sulky, Inc. v. U.S. Trotting Ass'n,* 174 F.3d 733, 741 (6th Cir. 1999)). Accordingly, Ohio law applies.

The Ohio Supreme Court has held that if a contract is clear and unambiguous, then its interpretation is a matter of law, and there is no issue of fact to be determined. *See Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc.*, 474 N.E.2d 271, 272 (Ohio 1984). Here, the district court reasoned that, as a matter of law, Section 14.6 of the Employment Agreement limits All State's recovery of attorney fees to costs incurred *only* in relation to the transference of a matter from federal court to arbitration. Defendants counter that the district court's interpretation was in error, arguing that "[Section 14.6] was meant to recoup unnecessary legal fees, costs and expenses when for whatever reason there is an attempt to avoid the arbitration clause, as the Appellee opt-in group did in this case." (All State Br. 15.)

Federal courts generally observe the "American rule" that "litigants pay their own attorney[] fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 256 (1975). However, "Ohio law in some circumstances permits contractual provisions requiring the losing party in litigation to pay the prevailing party's attorney fees." *Taylor Bldg. Corp. of Am. v. Benfield*, 884

N.E.2d 12, 27 (Ohio 2008) (citing *Nottingdale Homeowners' Ass'n, Inc. v. Darby*, 514 N.E.2d 702

(Ohio 1987)); *see also Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717

(1967) (noting that the American Rule can be overcome by an "enforceable contract" allocating

attorney fees). Defendants argue that this is a case where the contract allocated the payment of

attorney fees to the breaching employee. We disagree.

Defendants assert that Section 14.6 requires the payment of *all* fees, expenses, and costs

related to the parties' dispute rather than just those directly associated with transferring the suit to

arbitration. Defendants base their argument on *Morris v. Homeowners Loan Corp.*, No. 06-CV-

13484-DR, 2007 WL 674770, at *8 (E.D. Mich. Feb. 28, 2007), in which a Michigan federal district

court held plaintiffs responsible for reimbursing defendant's fees and costs pursuant to a clause in

the parties' arbitration agreement. *Morris* is distinguishable from the instant case because the

language of the parties' arbitration agreement in *Morris* was broader than that at issue here. Whereas

Section 14.6 is limited to the employee's payment of the employer's fees "associated with

transferring the matter to arbitration," the *Morris* agreement provided that "[i]f either party . . . fails

to submit to arbitration following a proper demand to do so, that party shall bear all costs and

expenses, including reasonable attorney's fees, incurred by the other party compelling arbitration."

*Id*. (omission in original).

We also reject Defendants' assertion that the district court's interpretation of Section 14.6

would be unjust because it would allow employees to intentionally subvert the arbitration provision

in an employment agreement at the employer's expense. The district court's interpretation of the

plain language of the agreement was proper—the clause plainly provides that All State is only

entitled to recover attorney fees, costs, and expenses associated with an employee's transference of the parties' dispute to arbitration. Moreover, even if we determined that the Employment Agreement's language is ambiguous, because Ohio law requires an ambiguous provision to be construed strictly against the drafter, *see McKay Mach. Co. v. Rodman*, 228 N.E.2d 304, 307 (Ohio 1967), we would reach the same conclusion.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the decision of the district court.