NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0297n.06

Case No. 24-1007

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| MASSAGE GREEN INTERNATIONAL FRANCHISE CORP., | ) ) ) | **FILED** Jul 10, 2024 KELLY L. STEPHENS, Clerk |
| Petitioner-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| LADYNE BUNSEY; CHRISTOPHER BUNSEY; | ) | |
| MG ROCKY RIVER, INC., | ) | O P I N I O N |
| Respondents-Appellants. | ) ) | |

Before: SILER, COLE, and BUSH, Circuit Judges.

COLE, Circuit Judge. An arbitrator for the American Arbitration Association ("the AAA") issued an arbitration award against Ladyne and Christopher Bunsey (the "Bunseys") after finding that they violated their franchise agreement with Massage Green International Franchise Corporation ("Massage Green"). Massage Green filed a Petition and Motion to Confirm the Arbitration Award in the district court. The Bunseys opposed. A magistrate judge recommended that Massage Green's petition be granted after finding that the Bunseys chose not to participate in the arbitration process, and the district court agreed. For the reasons set forth below, we affirm.

I.

The Bunseys entered into a franchise agreement with Massage Green in 2014, whereby the Bunseys would open and operate a Massage Green Spa location in Rocky River, Ohio.[1] The

---

[1] The franchise agreement is between Massage Green and "MG Rocky River Inc.," which is a company owned by the Bunseys. For simplicity, we refer to the parties as Massage Green and the Bunseys.

franchise agreement contained an arbitration clause stating that any arbitration dispute "shall be governed exclusively by the Federal Arbitration Act," (the "FAA"), and that "arbitration shall take place according to the then current commercial arbitration rules of the [AAA] in effect as of" the date the arbitration demand is filed. (Franchise Agreement, R. 1-2, Page ID 66−77).

Relevant here, the Bunseys listed "33855 Crown Colony Drive, Avon, Ohio 44011" as their address in multiple places throughout the franchise agreement. (*Id.* at Page IDs 15, 70, 78, 84). Similarly, the listed email addresses for the Bunseys throughout the franchise agreement are "ladyne@roadrunner.com" and "cbunsey@roadrunner.com." (*Id.* at PageIDs 70, 78, 84). No other physical or email addresses were provided by the Bunseys in the franchise agreement.

The Bunseys opened their spa in 2015. They closed the spa in August 2021 due to a loss of business resulting from the COVID-19 pandemic. (Magistrate R&R, R. 15, PageID 431). Then, in accordance with the terms of the franchise agreement, Massage Green demanded arbitration on September 22, 2021—claiming they were owed compensation from the Bunseys given the "violation of the franchise agreement, abandonment of the franchise location, future royalties owed, and gift cards and pre-paid membership costs that would be fulfilled by other Massage Green locations." (*Id.* at PageID 431−32).

A.

The communications sent to the Bunseys about the arbitration demand, processes, and award thereafter are central to the issue in this case. First, on September 27, 2021, Massage Green mailed a copy of its arbitration demand and proof of service to the Crown Colony address listed in the franchise agreement. (*Id.* at Page ID 432). Massage Green then emailed a copy of the same arbitration demand to both of the email addresses listed by the Bunseys in the agreement. (*Id.*) Further, "in attempts to involve them in the arbitration proceedings," the Bunseys were served via

first-class mail sent to the Crown Colony address, and emails sent to the Bunseys' two email addresses, throughout "the course of the arbitration." (*Id.*) (summarizing the numerous pieces of physical and electronic correspondence sent to the Bunseys throughout the arbitration; and confirming that the Crown Colony address was current for Christopher Bunsey, the franchisee's registered agent, during the relevant time). The Bunseys did not respond to any of these communications.

On December 9, 2021, the arbitrator conducted a prehearing conference. The Bunseys received notice of the conference via certified mail and email, but they did not appear. The arbitrator consequently instructed Massage Green to file a verified motion for judgment, which Massage Green filed on December 22, 2021. The AAA then sent notice to the Bunseys stating that they had until January 4, 2022 to respond to Massage Green's motion, but the Bunseys did not respond. As such, the arbitrator issued a decision, and on January 12 the AAA "sent the arbitrator's award to all parties, with the cover page again specifying that the correspondence was sent via mail to the Crown Colony [] address and via email." (*Id.* at 434). The award consisted of damages for breach of the franchise agreement, attorneys' fees and costs, arbitrator costs, and AAA administrative fees.[2]

On January 13, one day after the decision was mailed, Christopher Bunsey emailed the AAA correspondent about the arbitration award. This email came from a new email address, "twam80driver@yahoo.com," that was not listed by the Bunseys in the franchise agreement; the email stated: "We received a correspondence today about a hearing being declared closed, what specifically are you talking about?". (*Id.* at PageID 435). The AAA correspondent responded to

---

[2] The arbitrator awarded Massage Green $248,336.49. (R. 15, PageID 434 (citing arbitration award)). But the correct sum, after it was "apparent that the parties now agree that the total amount of the actual award" was different, was later determined by the district court to be $242,716.49.

the email the next day, copying Massage Green's counsel, and explaining that the case was closed and that a decision was issued on January 11. Massage Green's counsel immediately reached out to the Bunseys via the new Yahoo email address (and copying the other email addresses) to provide another copy of the award; counsel also invited the Bunseys to contact him through their own attorney. The Bunseys did not respond.

B.

In the district court, Massage Green filed a Petition and Motion to Confirm the Arbitration Award on August 4, 2022. Copies of the petition were emailed to the yahoo email address, as well as the two email addresses listed by the Bunseys in the franchise agreement. The Bunseys did not respond. Massage Green later filed a motion for alternative service on October 5, 2022, explaining that a "process serv[er] attempted to personally serve the Bunseys at the Crown Colony Drive address seven times, all without success." (Motion, 3-7, PageID 111). The exhibits attached by Massage Green included an email from a process server outlining their numerous attempts to serve the Bunseys at their home, and also stating that it "was clear [the Bunseys were] avoiding service." (Process Server Email, R. 3-8, Page ID 112). A magistrate judge granted the motion for alternative service. (Order, R. 5, PageID 121 (allowing service through posting at the physical address, regular mail, and email)).

Counsel for the Bunseys appeared on November 14, 2022, and filed a response to the petition on December 9, 2022. The Bunseys, now contesting the validity of the arbitration award almost eleven months after it was issued on January 11, argued that the arbitration award was not properly served and was "therefore *void ab initio*." (R. 15, PageID 439). The magistrate judge issued a report and recommendation to grant Massage Green's petition, finding that "overall [] the record shows that the Bunseys were given the required notice of all relevant events before, during,

and after the arbitration process," and that "[t]he Bunseys chose not to participate in the arbitration process." (*Id.* at PageID 442). The magistrate judge also found that the Bunseys waived their ability to challenge the arbitration award because they did not seek to modify or vacate the award within the three-month time frame allotted by the FAA. (*Id.* at Page ID 441−43). The district court agreed on both points and granted Massage Green's petition and motion.

The Bunseys appealed, asserting the same argument regarding improper service that they made in the district court. The Bunseys also argue on appeal that the "district court erred by issuing a judgment that allowed an award of costs and attorney's fees." (Appellant Br. at 8). Massage Green rebuts by reiterating that the Bunseys waived their ability to contest the award by not moving to vacate within the applicable timeframe, and also arguing that the franchise agreement properly allows for the recovery of attorneys' fees and costs associated with arbitration.

## II.

Our precedent explains that the FAA "expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) (citing 9 U.S.C. § 9). Thus, our "review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Id.* (internal quotation marks and citation omitted). And "[w]hen reviewing a district court's decision either vacating or confirming an arbitrator's award under the FAA, we apply the clear-error standard to the court's finding of fact, but we review questions of law de novo." *McGee v. Armstrong*, 941 F.3d 859, 867 (6th Cir. 2019) (internal quotation marks and citation omitted).

## III.

The Bunseys primary contention is that the arbitration award was void because, they allege, they were not properly served. They claim that they "never received copies of the demand or other

communications that were purportedly mailed or emailed to [them] and nobody from Massage Green ever contacted the[m] by phone or otherwise to let them know there was an arbitration pending." (Appellant Br. at 15). The Bunseys' arguments are without merit, however, because the procedure outlined by the FAA for making a timely challenge to the validity of an arbitration award wholly bars them from raising this defense. Specifically, "[u]nder 9 U.S.C. § 12, notice of a motion to vacate must be served on the adverse party within three months after the award is filed or delivered." *In re Robinson*, 326 F.3d 767, 772 (6th Cir. 2003). And the district court did not clearly err when finding that the Bunseys failed to meet the FAA's three-month procedural requirement.

The timeline of events proves this point. The arbitration award was entered on January 11, 2021, and it was mailed (and emailed) to all parties the following day. Christopher Bunsey then responded via a separate email address on January 13 to acknowledge that the Bunseys "received a correspondence today about a hearing being declared closed." (R. 15, Page ID 435). After being notified of this email by the AAA correspondent, Massage Green's counsel immediately emailed the Bunseys on January 14 to attach another copy of the arbitration award; Massage Green's email was sent directly to the email address Christopher Bunsey used to correspond with the AAA, and it also invited the Bunseys to have their attorney contact Massage Green as soon as possible. (Email, R. 11−24, PageID 413). Finally, the email reiterated that the Bunseys were sent "all relevant correspondence . . . via email and first-class mail throughout," which "AAA noted as well." (*Id.*) But the Bunseys did not respond.

Despite the award's issuance on January 11—and Christopher Bunsey's acknowledgment that he received correspondence thereto—the Bunseys never moved to vacate the arbitration award. *See In re Robinson*, 326 F.3d at 772 (explaining that the FAA requires a party to attack the

validity of an arbitration award within three months of its issuance). Instead, the only challenges to the arbitration award raised by the Bunseys were those made in response to Massage Green's petition and motion to confirm the arbitration award, roughly 11 months after the award was issued. (Bunsey Response, R. 10, PageID 1−6). Even if the Bunsey's defenses were raised within the three-month timeframe required by the FAA (they were not), they nonetheless ask us to ignore "the settled rule that objections that might have formed the basis for a timely action to vacate an award may not be raised as defenses in an action to confirm the award after the limitations period for an action to vacate has expired." *See Occidental Chem. Corp. v. Int'l Chem. Workers Union*, 853 F.2d 1310, 1317 (6th Cir. 1988).

Further, even if the FAA's three-month requirement did not apply, the record reflects that the district court did not clearly err when finding that the Bunseys were properly served the arbitration award and given sufficient notice of the various proceedings throughout. The magistrate judge's recommendation summarizes the many points throughout "the course of arbitration" at which the Bunseys were sent first-class mail and emails by both the Massage Green and the AAA "in attempts to involve them in the arbitration proceedings." (R. 15, PageID 432) (summarizing the record and correspondence sent to the Bunseys). Indeed, the facts show that the "Bunseys were given the required notice of all relevant events before, during, and after the arbitration proceeding," and that "[t]hey simply chose not to participate in the arbitration." (*Id.* at PageID 441). The district court did not clearly err in making this finding, and therefore was correct to confirm the arbitration award.

IV.

Finally, the Bunseys claim that the "district court erred by issuing a judgment that allowed an award of costs and attorney's fees." (Appellant Br. at 8). This dispute turns on the meaning of

the recovery provision in the franchise agreement's arbitration clause, as the Bunseys allege that it does not allow for the recovery of attorneys' fees in this instance. We again note that the Bunsey's attempt to modify the arbitration award at this time is barred by the FAA's three-month requirement. Notwithstanding, this argument is also unpersuasive.

The franchise agreement at issue is governed by the "substantive laws of the State of Michigan," (R. 1-2, PageID 69), and "[a]rbitration is a matter of contract" in Michigan. *Altobelli v. Hartmann*, 884 N.W.2d 537, 542 (Mich. 2016) (internal quotation marks and citation omitted). Accordingly, because "the district court's decision denying attorney fees is an issue of contract interpretation, we apply de novo review." *Cook v. All State Home Mortg.*, 329 F. App'x 584, 588 (6th Cir. 2009) (citing *Noe v. PolyOne Corp.*, 520 F.3d 548, 551 (6th Cir. 2008), *abrogated on other grounds by M&G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 438 (2015)). Under Michigan law, "[o]ur primary task is to ascertain the intent of the parties at the time they entered into the agreement, which we determine by examining the language of the agreement according to its plain and ordinary meaning." *Altobelli*, 884 N.W.2d at 542.

Here, the language of the franchise agreement clearly provides for the recovery of attorney's fees. The agreement states that "[i]n the event of termination for any default by Franchisee, such sums shall include all actual and consequential damages, costs and expenses, *including reasonable attorneys' fees and expenses, incurred by the Franchisor as a result of the default*." (R. 1-2, PageID 59 (emphasis added)). As the record reflects and their brief explains, Massage Green's attorney fees and costs were a direct result of the default caused by the Bunseys' abandonment of their franchise location. (Appellee Br. at 23). As such, the arbitrator's awarding of attorney's fees in this case was proper under the franchise agreement's plain language, and we find no error in their doing so—de novo or otherwise.

V.

For the reasons set forth above, we affirm the district court's grant of Massage Green's petition and motion to confirm the arbitration award.