**[J-7A-2025 and J-7B-2025] [MO:Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| JENNIFER SANTIAGO AND SAMUEL SANTIAGO, | : | No. 24 EAP 2023 |
| | : | |
| | : | Appeal from the Order of the |
| Appellees | : | Superior Court entered on March 21, |
| | : | 2023, at No. 2615 EDA 2021, |
| | : | affirming the Order of the Court of |
| v. | : | Common Pleas of Philadelphia |
| | : | County, Civil Division, entered on |
| | : | August 23, 2021, at No. 002154. |
| PHILLY TRAMPOLINE PARK, LLC | : | |
| I/P/A SKY ZONE, D/B/A SKY ZONE | : | ARGUED: March 5, 2025 |
| TRAMPOLINE PARK D/B/A SKY ZONE | : | |
| PHILADELPHIA, SKY ZONE | : | |
| PHILADELPHIA, INC., SKY ZONE | : | |
| TRAMPOLINE PARK A/K/A SKY ZONE | : | |
| PHILADELPHIA, | : | |
| | : | |
| | : | |
| Appellants | : | |
| | | |
| ALESSANDRA SHULTZ, INDIVIDUALLY | : | No. 25 EAP 2023 |
| AND AS P.N.G. FOR ROCCO SHULTZ, | : | |
| A MINOR, | : | Appeal from the Order of the |
| | : | Superior Court entered on March 21, |
| Appellee | : | 2023, at No. 664 EDA 2022, |
| | : | affirming the Order of the Court of |
| | : | Common Pleas of Philadelphia |
| v. | : | County, Civil Division, entered on |
| | : | January 25, 2022, at |
| | : | No. 200701660. |
| SKY ZONE, LLC, | : | |
| | : | ARGUED: March 5, 2025 |
| Appellant | : | |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE BROBSON**                                    **DECIDED: September 25, 2025**

I agree with the Majority that the arbitration provision in the "Participation Agreement, Release and Assumption of Risk" document (Agreement) is not enforceable against the claims of the non-signing parents. I part ways with the Majority regarding

whether the arbitration provision is enforceable against the injured minors. For decades, this Court has observed that "the settlement of disputes by arbitration is favored by the public policy of this Commonwealth and is, therefore, encouraged by our courts and by statute." *Fastuca v. L.W. Molnar & Assocs.*, 10 A.3d 1230, 1245 (Pa. 2011) (citing *Borgia v. Prudential Ins. Co.*, 750 A.2d 843, 850 (Pa. 2000); *Flightways Corp. v. Keystone Helicopter Corp.*, 331 A.2d 184, 185 (Pa. 1975)). Notwithstanding our long-standing jurisprudence acknowledging that public policy, the Majority concludes that "parents are without authority to bind a minor child to an agreement to arbitrate." (Majority Op. at 29.) Because I disagree with that aspect of the Majority's decision, I respectfully dissent.

The Majority surmises that because, generally, an arbitration provision "forfeits [a] minor's right to have a claim adjudicated in a court, it is an unsanctioned exercise of power over the minor's property by a natural guardian, and therefore unenforceable." (Majority Op. at 25.) In this way, the Majority conflates a minor's substantive right to a cause of action with the minor's choice of forum. In my view, where parents agree to bind their minor child to arbitration, they in no manner whatsoever affect their minor child's substantive right to a cause of action. Rather, the parents merely agree on behalf of their minor child to the forum in which the child's claims will be adjudicated. Indeed, the United States Supreme Court recently commented that an arbitration provision is "a specialized kind of forum-selection clause that posits not only the situs of a suit but also the procedure to be used in resolving the dispute." *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 653 (2022). The Supreme Court also acknowledged that an arbitration provision does "not alter or abridge substantive rights" but "merely changes how those rights will be processed." *Id.*

Another basis for the Majority's decision is its unsupported belief that, in matters involving a minor, arbitration is invariably a less favorable forum than a court of common

pleas. For example, the Majority claims that arbitration proceedings lack "the carefully constructed network of protections for the interests of the minor." (Majority Op. at 25.) Where a minor pursues a cause of action in a court of common pleas, however, the Majority opines that the law protects the minor "through a series of rules of civil procedure that govern actions where a minor is a party." (*Id.* at 22 (citing Pa.R.Civ.P. 2026-2049).) To me, however, that arbitration proceedings lack delineated rules for proceedings involving minors does not, *a fortiori*, mean that arbitration is a less favorable forum to adjudicate claims involving minors than is a court of common pleas. The Majority's disposition forecloses parents from ever making that choice, either before a tort or after, even if arbitration, "a *quick* and easy mode of obtaining justice," is in the best interest of the injured child. *Emporium Area Joint Sch. Auth. v. Anundson Const. & Bldg. Supply Co.*, 166 A.2d 269, 270 (Pa. 1960) (emphasis in original); *see also Patriotic Ord. Sons of Am. Hall & Ass'n v. Hartford Fire Ins. Co.*, 157 A. 259, 262 (Pa. 1931). I do not share the Majority's view that we are better suited than a parent to make this choice.

In sum, I disagree with the Majority's conclusion that parents can never bind their minor child to arbitration. Arbitration does nothing to affect the substantive rights of the minor child and is a forum heavily favored as a matter of public policy in Pennsylvania, offering an alternative avenue to the court for expeditious and cost-efficient relief. For all these reasons, I respectfully dissent as to the Majority's decision holding that the arbitration provision in the Agreement is unenforceable against the injured minors and foreclosing parents from choosing arbitration even where they believe it is in the best interest of their injured child to do so.

Justice Dougherty joins this concurring and dissenting opinion.